IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JOHN DOE,**<br><br>        Plaintiff,<br><br> ~ *against* ~<br><br>**RANE ROE**;<br>**ABC CORP. 1**;<br>**ABC CORP. 2**;<br>**SANE SOE**; *and*<br>**JOHN DOES 1 – 10**,<br><br>        Defendants, | Case No.: <u>1:25-cv-6611</u><br><br>District Judge:<br><br><br>Magistrate Judge: |

  1.  Comes now Plaintiff **JOHN DOE** by and through Counsel, Baruch S. Gottesman, Esq. of GOTTESMAN LEGAL PLLC, with their Complaint against the Infringing Defendants **RANE ROE; ABC CORP. 1; ABC CORP. 2; SANE SOE** *and* **JOHN DOES 1-10**, and does respectfully allege as follows:

### NATURE OF THE ACTION

  2.  Plaintiff seeks to recover control of their Registered Trademark and statutory damages for willful infringement of their Mark by the Defendants.

  3.  The Defendants unlawfully infringed the Plaintiff's Mark.

### JURISDICTION AND VENUE

  4.  This is an action for federal trademark infringement, contributory infringement, and false designation of origin pursuant to 15 U.S.C. §§ 1114, 1116, 1117, and

1125(a) and other relevant provisions of federal trademark law; as well as unfair competition under Illinois common law.

5. This Court has subject matter jurisdiction over the dispute pursuant to 15 U.S.C. § 1121; as well as 28 U.S.C. §§ 1331, 1332 and 1338, and other relevant provisions of federal law.

6. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the accompanying Illinois law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

7. Infringing Defendants are subject to personal jurisdiction in the Northern District of Illinois, because they have actively directed their business activities to this District and have engaged in infringement in this District. This direction of business activity includes but is not limited to the advertisement, offering for sale, and actual sale of infringing products to consumers in Illinois and in the Northern District of Illinois.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendants reside and are causing harm within this district. Defendants have also transacted business in this District at issue in this Complaint, including but not limited to the advertisement, offering for sale, and selling infringing products to consumers in Illinois and in the Northern District of Illinois.

9. The plaintiff's agents have engaged in a test purchase for delivery in Illinois, under which there was an order for and delivery to an address in Illinois.

# FACTUAL BACKGROUND

*i.        Plaintiff's Trademark Registration and Use of the Mark*

10. USPTO issued a Trademark Registration to the Plaintiff.

11. Plaintiff has used and intends to use their Mark in Illinois and elsewhere in the United States.

12. Notwithstanding the actual knowledge of Plaintiff's ownership of the Mark, the Defendants continue to willfully infringe the Plaintiff's Mark for their financial benefit.

## First Cause of Action
### Lanham Act – Counterfeiting and Infringement

13. Plaintiff repeats, re-allege and incorporate by reference all relevant allegations and Exhibits described above in Paragraphs 1 – 12, as if they were fully set forth here.

14. This is an action for trademark infringement against Defendants based on their willful infringement of the Plaintiff's Mark in connection with the promotion, advertisement, distribution, sale and offering for sale of the Infringing Goods and Services and Services.

15. The Infringing Defendants are promoting and otherwise advertising, selling, offering for sale and distributing to purchasers in Illinois and the United States goods and services that in willful infringement on Plaintiff's Mark.

16. Infringing Defendants are continuously infringing the Plaintiff's Mark to advertise, promote, and sell goods and services in competition with the Plaintiff (referred to in this Complaint as the "Infringing Goods and Services and Services").

17. Infringing Defendants' activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of the Infringing Goods and Services.

18. Infringing Defendants had actual knowledge of the Plaintiff's ownership of the Mark as.

19. Defendants' unlawful actions have individually, and jointly with other Parties, caused and are continuing to cause damages to Plaintiff and are unjustly enriching Defendants at Plaintiff's expense.

20. The actions described above, including the knowing and willful continued use of the infringing mark constitute counterfeiting and infringement of the Plaintiff's Mark in violation of Plaintiff's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

21. Plaintiff has suffered and will continue to suffer irreparable injury due to the Defendants' above-described activities if the Defendants are not permanently enjoined from their violations.

22. Absent the entry of a temporary and permanent injunction by this Court, Plaintiff will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE**, Plaintiff respectfully prays for a judgment by this Court for the following:

    A.    Temporarily and permanently restraining Infringing Defendants, their employees, agents and representatives, and all persons acting in concert or in participation with them, from using on or in connection with any business, service, or the sale, offering for sale, distribution, advertising, promotion, labeling or packaging, of any services or any goods, or from using for any commercial purpose whatsoever the Plaintiff's Mark or any colorable imitation or confusingly similar Mark;

    B.    Requiring Infringing Defendants to deliver up to the Court for destruction, or to show proof (upon the oath of Defendants made subject to penalty of perjury) of said destruction, any and all items which bear or depict in any manner the Plaintiff's Mark or any colorable imitation or confusing similar Mark, and to pass ownership of the websites to the Plaintiff;

    C.    Directing the Infringing Defendants to recall from any and all channels of distribution any products bearing any matter or materials in violation of any injunction entered herein or bearing or depicting the Plaintiff's Mark or any colorable imitation or confusing similar Mark;

    D.    Awarding to Plaintiff their actual, compensatory, consequential, and incidental damages, in an as yet undetermined amount, resulting from the acts of Infringing Defendants complained of herein, including statutory fees and legal fees to the extent permitted by law in an amount of not less than two million dollars ($2,000,000.00), and exemplary damages;

    E.    Awarding Plaintiff prejudgment and post-judgment interest on any monetary

award according to the maximum allowable legal rate; and

F. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY
FOR ALL TRIABLE ISSUES**

Dated this 15th day of June, 2025

RESPECTFULLY SUBMITTED

Baruch S. Gottesman, Esq.
GOTTESMAN LEGAL
11 Broadway, Suite 615
New York, NY   10004
o: (212) 401-6910
e: bg@gottesmanlegal.com
*Attorney for Plaintiff*