IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **QUIJU CHEN,**<br><br>Plaintiff,<br><br>~ *against* ~<br><br>**JIA SHANGYANG**;<br>**KANGZHIYUAN**;<br>**QZEUOUCU STORE**;<br>**WEILI DENG**; *and*<br>**JOHN DOES 1 – 10**,<br><br>Defendants, | Case No.: <u>1:25-cv-06611</u><br><br>**District Judge:**<br><br>**Magistrate Judge:** |

1.  Comes now Plaintiff **QUIJU CHEN** by and through Counsel, Baruch S. Gottesman, Esq. of G<small>OTTESMAN</small> L<small>EGAL</small> PLLC, with their Complaint against the Infringing Defendants **JIA SHANGYANG**; **KANGZHIYUAN**; **QZEUOUCU STORE**; **WEILI DENG** *and* **JOHN DOES 1-10**, and does respectfully allege as follows:

## NATURE OF THE ACTION

2.  Plaintiff seeks to recover control of their Registered Trademark and statutory damages for willful infringement of their Mark by the Defendants.

3.  The Defendants unlawfully squatted on the Plaintiff's Mark, including through the submission of an unauthorized and fraudulent assignment to the United States Patent and Trademark Office from the Plaintiff to the Defendants, and the Defendants have

financially benefited through the exploitation of the Plaintiff's Mark by selling on Amazon and other Illinois-directed online sales portals.

4. Plaintiff respectfully submits this Complaint to recover control of their Trademark for use on Amazon and to seek damages (including disgorgement of all unlawfully obtained sales and/or statutory damages) for the infringement committed by the Defendants.

5. Plaintiff has made effort has been made to resolve this matter amicably. But the Infringing Defendants' obduracy and willingness to submit fraudulent documentation to a U.S. government agency have left Plaintiff no choice but to seek judicial intervention under seal to enjoin the Infringing Defendants' ongoing violations, to order Infringing Defendants to disgorge their revenue from their pirating of the Mark and/or to otherwise impose statutory damages and fines, punitive damages, and legal fees under Federal and Illinois law.

## THE PARTIES

*i.* *Plaintiff*

6. Plaintiff **QUIJU CHEN** (being the English transliteration of her name in Chinese, which is 陈秋菊), is a natural person resident at Guangzhou, in the province of Guangdong, China.

7. Plaintiff QUIJU CHEN is, was, and remains the sole owner of USPTO Registered Trademark Number 7278415 for "**QZEUOUCU**".

8. Annexed as Exhibit A is a complete, true and accurate copy of the Registration Certificate for QZEUOUCU and is available online from the USPTO at https://tsdr.uspto.gov/documentviewer?caseId=sn97737373&docId=ORC20231231055335.

9. Where appropriate in this Complaint, **QZEUOUCU** is called "Mark".

10. Where appropriate in this Complaint, the Plaintiff is referred to as "**CHEN**", "**Plaintiff**" *or* "**Owner**".

*ii.* **Defendants**

11. Upon information and belief, Defendant **JIA SHANGYANG** is a natural person resident at Guigang in the province of Guangzi, China.

12. Defendant **JIA SHANGYANG** falsely claimed to the USPTO that the Plaintiff assigned them the Mark. The Plaintiff did not assign the Mark to Jia Shangyang.

13. Where appropriate in this Complaint, Jia Shangyang are referred to as "**SHANGYANG**".

14. Upon information and belief, Defendant **KANGZHIYUAN** is the name used in the United States and on Amazon by 广州康之源环保科技有限公司, transliterated in pinyin as **GUANGZHOU KANGZHIYUAN HUANBAOKEJI YOUXIANGONGSI**, and which translates as Guangzhou[1] Kangzhiyuan[2] Environmental Protection Technology Ltd.

15. Defendant KANGZHIYUAN operates a store with Amazon under the name "Kangzhiyuan", under seller ID: A20D4UR0K0Y1O2, and whose information page is at https://www.amazon.com/sp?seller=A20D4UR0K0Y1O2, a copy of which is annexed as Exhibit B (as screenshotted on June 15, 2025).

16. Defendant **KANGZHIYUAN** uses the Mark through the name of its Amazon store, as "QZEUOUCU Store", available at https://www.amazon.com/stores/page/

---

[1] This is the name of the city/province where the corporation is based and consistent with common Chinese practice, it is the first name of the corporation.

[2] This is the actual "Branded" part of the corporate name, and upon information and belief means "Source of Health".

045C5F92-9F14-48EF-A22D-AA69BEFCD8CB and includes the Mark in all of its product descriptions, a copy of which is annexed as Exhibit C (as screenshotted on June 15, 2025).

17. Upon information and belief, Defendant **KANGZHIYUAN** uses the Mark with the permission of, as agent of, as assignee, in joint venture with, and otherwise at the direction of **SHANGYANG**.

18. Upon information and belief, Defendant **KANGZHIYUAN** is owned and operated by and/or at the direction of Defendant **SHANGYANG**, and it is one of the primary vehicles through which **SHANGYANG** exploits the Plaintiff's Mark.

19. Upon information and belief, Defendant **QZEUOUCU STORE** is a fictitious business name under which Defendants Shangyang and Kangzhiyuan conduct business online on Amazon.

20. Where appropriate in this Complaint, both **SHANGYANG** and **QZEUOUCU STORE** are referred to collectively as the "**Store**" or the "**Infringing Store**".

21. Upon information and belief, Defendant **WEILI DENG** is a natural person resident at Anqing in Anhui, China.

22. Defendant **WEILI DENG** submitted the filing of the bogus Assignment described in this Complaint and, upon information and belief, knew it to be bogus and is otherwise liable for the actions of the co-Defendants through the facilitation of trademark infringement.

23. Where appropriate in this Complaint, they are referred to as "**DENG**".

24. **JOHN DOES 1-10** are natural persons who are resident in China and/or the United States, that facilitated Shangyang's submission of the bogus Assignment, and who otherwise facilitated the infringement alleged in this Complaint. Their identities are not

currently known to the Plaintiff. Upon their identification, the Plaintiff will amend (with leave of Court, as necessary) this Complaint to identify them and their specific role.

### iii. *Infringing Defendants' Co-Liability and Piercing the Corporate Veil:*

25. Each of the Infringing Defendants face direct liability for their actions and failure to act, as described in this Complaint.

26. Additionally and/or in the alternative, upon information and belief, at all times relevant to the acts and omissions that gave rise to this Complaint, Infringing Defendants had express authority to act as each other's agents when they infringed the Plaintiff's Mark and engaged in the wrongdoing and all other activities related to the allegations in this Complaint.

27. Additionally and/or in the alternative, upon information and belief, at all times relevant to the acts and omissions that gave rise to this Complaint, Infringing Defendants were under common control, were affiliates, parent and subsidiary companies, agents, representatives, co-venturers, and otherwise alter-egos of one another.

28. In addition, Infringing Defendants are in possession of the full information about their relationship with one another and co-liability. Plaintiff therefore respectfully reserves the right to seek leave, to the extent leave is required, to file an Amended Complaint further detailing the Defendants' relationship and co-liability for the tortious activity described in this Complaint.

## JURISDICTION AND VENUE

29. This is an action for federal trademark infringement, contributory infringement, and false designation of origin pursuant to 15 U.S.C. §§ 1114, 1116, 1117, and

1125(a) and other relevant provisions of federal trademark law; as well as unfair competition under Illinois common law.

30. This Court has subject matter jurisdiction over the dispute pursuant to 15 U.S.C. § 1121; as well as 28 U.S.C. §§ 1331, 1332 and 1338, and other relevant provisions of federal law.

31. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the accompanying Illinois law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

32. Infringing Defendants are subject to personal jurisdiction in the Northern District of Illinois, because they have actively directed their business activities to this District and have engaged in infringement in this District. This direction of business activity includes but is not limited to the advertisement, offering for sale, and actual sale of infringing products to consumers in Illinois and in the Northern District of Illinois.

33. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendants reside and are causing harm within this district. Defendants have also transacted business in this District at issue in this Complaint, including but not limited to the advertisement, offering for sale, and selling infringing products to consumers in Illinois and in the Northern District of Illinois.

34. The plaintiff's agents have engaged in a test purchase for delivery in Illinois, under which there was an order for and delivery to an address in Illinois.

## FACTUAL BACKGROUND

*i.* *Plaintiff's Trademark Registration and Use of the Mark*

35. On January 16, 2024, the USPTO issued Trademark Registration No. 7,278,415 to the Plaintiff in the field of:

"CLASS 9: Electronic advertisement boards featuring a neon lamp; Neon signs; Ring lights for use in photography"

*See* Exhibit A.

36. A complete, true and accurate copy of the Registration Certificate is annexed as Exhibit A and shown below:



Illustration 1 – First Page of Registration Certificate No. 7,278,415

37. Plaintiff has used and intends to use their Mark in Illinois and elsewhere in the United States since 2022.

38. Annexed as Exhibit D is a complete, true and accurate copy of the Plaintiff's original Trademark Electronic Application System, showing use of the Mark on products and online sales in the United States.

39. For example, here is a picture of the Plaintiff's branded products, as submitted to the USPTO:



Documentary Evidence submitted in support of TEASD Application available online at https://tsdrsec.uspto.gov/ts/cd/casedoc/sn97737373/FTK20230103094925/4/webcontent

40. The Registration issued on January 16, 2024 as shown above in Paragraph 36.

41. At no time did the Plaintiff assign, authorize or otherwise allow the use of the Mark by any other Party, and certainly not any of the Defendants.

### ii. *Defendant Shangyang Dockets a Bogus "Assignment"*

42. On or about November 13, 2024, Defendant Deng submitted to the USPTO what they purported to be an Assignment of Trademark from the Plaintiff Defendant Shangyang. In this Complaint, we refer to this bogus document as the "Assignment", sometimes in scare-quotes to avoid any implication that the purported Assignment has any legal meaning or effect.

43. A complete true and accurate copy of the purported assignment is annexed as Exhibit E and incorporated in full by reference in this Complaint. The Exhibit has been redacted of a purported Passport number.

44. The Assignment was bogus on its face.

(i.) In the preamble, the Assignment purports to identify the Assignee as "Jia, Shangyang" but in the text of the Assignment identifies the Assignee as "Li Peng".

(ii.) The reference to Li Peng as the Assignee is, upon information and belief, because the supposed "Assignment" is a knock-off and/or manipulated version of a completely separate Assignment of "Kaiagerbe Natural Gene" (USPTO Registration No. 7258344). The Kairgerbe Assignment was also purportedly submitted by Weili Deng. And at least the Kairgerbe Assignment has the benefit of identifying Peng Li as the correct Assignee. A copy of the Kairgerbe Assignment, with the purported Passport No. redacted, is annexed as Exhibit F.

(iii.) The Agreement uses incorrect language, referring at one point to the Assignee's right "to hold unto the Assignment absolutely" and otherwise contains grammatical and other errors that seem to imply it was never reviewed or intended as a legally binding agreement.

(iv.) The purported "Assignment" between two China-based parties, in China, about a Chinese Mark, that sells products from China was made inconsistent with the Civil Code of the People's Republic of China adopted as of 2020, See CIVIL CODE OF THE PEOPLE'S REPUBLIC OF CHINA, Chapter XX (Technology Contracts), Arts. 862, et seq. (3d Session of 13th Nat'l People's Cong. May 28, 2020), available online from the National People's Congress of the People's Republic of China

at http://en.npc.gov.cn.cdurl.cn/pdf/civilcodeofthepeoplesrepublicofchina.pdf (last checked June 15, 2025).

45. Most importantly, and regardless of the paperwork, the Assignment was never signed by the Plaintiff, is not authentic, was known by the Defendants to not be authentic, and was filed as part of an attempt to hijack the Plaintiff's Mark and to willfully infringe it for financial gain.

46. Earlier this year, the Plaintiff filed a correction to the USPTO record clarifying that the bogus "Assignment" was inauthentic, which the Defendants have not challenged.

47. A copy of the correction is annexed as Exhibit G, including a declaration under oath by the Plaintiff (redacted of purported passport information).

48. Notwithstanding the reclamation of the Mark by the Plaintiff, the Defendants continue to willfully infringe the Plaintiff's Mark for their financial benefit.

### First Cause of Action
### Lanham Act – Counterfeiting and Infringement

49. Plaintiff repeats, re-alleges and incorporates by reference all relevant allegations and Exhibits described above in Paragraphs 1 – 48, as if they were fully set forth here.

50. This is an action for trademark infringement against Defendants based on their willful infringement of the Plaintiff's Mark in connection with the promotion, advertisement, distribution, sale and offering for sale of the Infringing Goods and Services and Services.

51. The Infringing Defendants are promoting and otherwise advertising, selling, offering for sale and distributing to purchasers in Illinois and the United States goods and services that in willful infringement on Plaintiff's Mark.

52. Infringing Defendants are continuously infringing the Plaintiff's Mark by using "QZEUOUCU" to advertise, promote, and sell goods and services in competition with the Plaintiff (referred to in this Complaint as the "Infringing Goods and Services and Services").

53. Infringing Defendants' activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of the Infringing Goods and Services.

54. Infringing Defendants had actual knowledge of the Plaintiff's ownership of the Mark as evidenced by, among other things, their submission of a bogus "Assignment".

55. Defendants' unlawful actions have individually, and jointly with other Parties, caused and are continuing to cause damages to Plaintiff and are unjustly enriching Defendants at Plaintiff's expense.

56. The actions described above, including the knowing and willful continued use of the infringing mark constitute counterfeiting and infringement of the Plaintiff's Mark in violation of Plaintiff's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

57. Plaintiff has suffered and will continue to suffer irreparable injury due to the Defendants' above-described activities if the Defendants are not permanently enjoined from their violations.

58. Absent the entry of a temporary and permanent injunction by this Court, Plaintiff will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

## Second Cause of Action
### Lanham Act – False Designation of Origin

59. The Plaintiff repeats, re-alleges and incorporates by reference all relevant allegations and Exhibits described above in Paragraphs 1 – 58, as if they were fully set forth here.

60. Infringing Defendants' Infringing Goods and Services offered for sale and sold using Plaintiff's Mark have been widely advertised and distributed throughout the United States.

61. Infringing Defendants' Counterfeit and Infringing Goods and Services are different and of inferior quality to the Plaintiff's authentic product.

62. Infringing Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of their Infringing Goods and Services.

63. Infringing Defendants have used in connection with their sale of the Counterfeit Goods, false designations of origin and false descriptions and representations, including words or other symbols and trade dress which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Plaintiff and in violation of the Lanham Act and other provisions of Federal and Illinois law.

64. Infringing Defendants engaged in and authorized others to engage in infringing uses of the Plaintiff's Mark, in Infringing Defendants' advertisement, websites, social media and/or other promotion of their Infringing Goods and Services marketed and branded with Plaintiff's Mark.

65. Infringing Defendants misrepresented to members of the consuming public that the Infringing Goods and Services being advertised and sold by them are genuine, non-Infringing Goods and Services.

66. Infringing Defendants above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and other relevant provisions of Federal and

New York law.

67. Infringing Defendants had actual knowledge of the Plaintiff's ownership of the Mark as evidenced by their bogus Assignment.

68. Infringing Defendants' unlawful actions have individually, and jointly with other Parties, caused and are continuing to cause unquantifiable damages to Plaintiff and are unjustly enriching Defendants at Plaintiff's expense.

69. Plaintiff has suffered and will continue to suffer irreparable injury due to Infringing Defendants' above-described activities if they are not permanently enjoined.

70. Absent the entry of an injunction by this Court, Plaintiff will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

### Third Cause of Action
**Common Law Unfair Competition Under Illinois Law**

71. Plaintiff repeats, re-alleges and incorporates by reference all relevant allegations and Exhibits described above in Paragraphs 1 – 70, as if they were fully set forth here.

72. This is an action against Defendants based on their promotion, advertisement, distribution, sale and/or offering for sale of Infringing Goods and Services bearing the Plaintiff's Mark.

73. Under Illinois law, "the elements of a state unfair competition claim mirror those of federal statutory trademark infringement", *AHP Subsidiary Holding Co. v. Stuart Hale Co.*, 1 F.3d 611, 619 (7th Cir. 1993).

74. All of the elements of federal statutory trademark infringement have been alleged and therefore a claim for unfair competition under Illinois law has been alleged here.

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE**, Plaintiff respectfully prays for a judgment by this Court for the following:

A. Temporarily and permanently restraining Infringing Defendants, their employees, agents and representatives, and all persons acting in concert or in participation with them, from using on or in connection with any business, service, or the sale, offering for sale, distribution, advertising, promotion, labeling or packaging, of any services or any goods, or from using for any commercial purpose whatsoever the Mark "QZEUOUCU" or any colorable imitation or confusingly similar Mark;

B. Requiring Infringing Defendants to deliver up to the Court for destruction, or to show proof (upon the oath of Defendants made subject to penalty of perjury) of said destruction, any and all items which bear or depict in any manner the Mark "QZEUOUCU" or any colorable imitation or confusing similar Mark, and to pass ownership of the websites to the Plaintiff;

C. Directing the Infringing Defendants to recall from any and all channels of distribution any products bearing any matter or materials in violation of any injunction entered herein or bearing or depicting the "QZEUOUCU" Mark or any colorable imitation or confusing similar Mark;

D. Issuing a Judgment that the "Assignment" is bogus, void, and without effect.

E. Awarding to Plaintiff their actual, compensatory, consequential, and incidental damages, in an as yet undetermined amount, resulting from the acts of Infringing Defendants complained of herein, including statutory fees and legal fees to the extent permitted by law in an amount of not less than two million dollars ($2,000,000.00), and exemplary damages;

F. Awarding Plaintiff prejudgment and post-judgment interest on any monetary award according to the maximum allowable legal rate; and

G. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY
FOR ALL TRIABLE ISSUES**

Dated this 15th day of June, 2025

                                                RESPECTFULLY SUBMITTED

                                                */s/ Baruch S. Gottesman*

                                                Baruch S. Gottesman, Esq.
                                                GOTTESMAN LEGAL
                                                11 Broadway, Suite 615
                                                New York, NY   10004
                                                o: (212) 401-6910
                                                e: bg@gottesmanlegal.com
                                                *Attorney for Plaintiff*