IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JOHN DOE,**<br><br>      Plaintiff,<br><br> *~ against ~*<br><br>**RANE ROE**;<br>**ABC CORP. 1**;<br>**ABC CORP. 2**;<br>**SANE SOE**; *and*<br>**JOHN DOES 1 – 10**,<br><br>      Defendants, | Case No.: **1:25-cv-06611**<br><br>District Judge:<br><br><br>Magistrate Judge: |

**AFFIDAVIT IN SUPPORT OF
PLAINTIFF'S MOTION TO FILE COMPLAINT
AND THIS AFFIDAVIT UNDER SEAL**

 **I. INTRODUCTION**

  1. **Baruch S. Gottesman, Esq.**, Counsel for the Plaintiff respectfully submits this Motion to file the Complaint and this Affidavit Under Seal.

  2. The Plaintiff has complied with all procedural requirements under Local Rule 26.2(c) for the filing of pleadings and documents under Seal.

  3. Good cause exists to file the Complaint under seal because the China-based Defendant has a history, as alleged in the Complaint, of underhanded abuse of the USPTO Trademark Registration system (including the filing of bogus Assignments). The Plaintiff therefore has reasonable fear that if information about this case, including the

nature of the bogus Assignment, will 'tip off' the Defendant and enable them to remove evidence, disappear their U.S.-based funds, and otherwise evade responsibility for their trademark infringement.

## II. COMPLIANCE WITH PROCEDURAL REQUIREMENTS

4. Consistent with Local Rule 26.2(c)(1) the Plaintiff has filed a Redacted Version of the Complaint (ECF 1) and a Redacted Version of this Affidavit (ECF 4-1).

5. In addition, attached to this Affidavit as Exhibit A is a copy of the Complaint showing which sections are redacted.

6. This will provide Notice to the public that documents have been filed under Seal and the opportunity to challenge such sealing, should they choose.

7. Further, the Plaintiff has moved immediately upon the filing of the redacted version, the full versions under (provisional) seal and this Motion to Seal.

8. Last, the Plaintiff will promptly move for a TRO and immediately upon execution of the TRO, will move this Court to release the seal and docket the documents publicly.

## III. GOOD CAUSE EXISTS

9. In the Seventh Circuit, "in order to show good cause to file a document or portion thereof under seal, the requesting party must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Strait v. Belcan*

*Eng'g Grp., Inc.*, No. 11-cv-1306, 2012 U.S. Dist. LEXIS 83727, at *4 (N.D. Ill. June 18, 2012) *citing Baxter Int'l v. Abbott Labs*, 297 F.3d 544, 548 (7th Cir. 2002).

      **10.      The first document at issue is the Complaint (ECF 1).**

      11.      The Complaint alleges a very unique situation.  The Plaintiff alleges that the China-based Defendants filed a bogus "Assignment" with the USPTO in an attempt to transfer ownership of the infringing Mark from the Plaintiff to the Defendants, ¶¶ 42-48.

      12.      The filing of that Assignment illustrates that the infringing Defendants are particularly sophisticated and familiar with the U.S. Trademark system.  The Defendants' willingness to file fraudulent documentation with a U.S. Government Agency signals that they would be willing (were they to learn of this Complaint) to escheat any U.S.-based funds back home to China and potentially destroy relevant evidence.

      13.      And because of the unique circumstances of the infringement (the fraudulent Assignment) full discussion of the claim including the existence of a fraudulent Assignment would easily tip off the Defendants.  Most China-based "Schedule A" Defendants are not in a position where they filed a fraudulent assignment and would learn of the case by a description of the procedural history.

      14.      Further, aside from the unique circumstances of the Assignment, it has been the practice of this Honorable Court to allow documents in intellectual property infringement cases against China-based Defendants to be filed under seal, *See* any number of more recent "Schedule A" cases in the Northern District of Illinois, which traditionally are filed under seal until the execution of the TRO.

15. "Furthermore, a party claiming that injury will result from disclosure of certain information must provide support for such a statement." *In re Bank One Sec. Litig.*, 222 F.R.D. 582, 588 (N.D. Ill. 2004) *citing Baxter*, 297 F.3d at 547.

16. In this case, the injuries include the Defendants closing their Amazon store and clearing out any U.S.-based financial accounts to China; transferring the U.S.-based financial accounts to other U.S. accounts quickly; engaging in other activities to sabatoge the Plaintiff's case and their ability to collect any judgment.

17. For these reasons, we respectfully submit that the unredacted version of the Complaint should remain under seal until the TRO is executed.

18. **The second document is this Affidavit (ECF 3).**

19. For the reasons described above, disclosing that this case involves a fraudulent transfer would tip off the infringers. For the reasons shared above, we respectfully ask that this Affidavit in Support remain under seal until the TRO is executed.

## DECLARATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**Executed on this 15th day of June, 2025.**

RESPECTFULLY SUBMITTED,

By: _____
Baruch S. Gottesman, Esq.

- 5 -

## CERTIFICATE OF SERVICE

  I hereby certify that on June 15, 2025, simultaneous with the filing of this Submission, a copy of this submission was served under Seal using the CM/ECF system.

RESPECTFULLY SUBMITTED,

By: *Baruch S. Gottesman*

Baruch S. Gottesman, Esq.