# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

███████,

         Plaintiff,

~ *against* ~

███████
███████
███████████
███████
**JOHN DOES 1 – 10**,

         Defendants,

**Case No.: 1:25-cv-06611**

**District Judge:**
The Honorable John J. Tharp, Jr.

**Magistrate Judge:**
The Honorable Daniel P. McLaughlin

1. Comes now Plaintiff ███████ by and through Counsel, Baruch S. Gottesman, Esq. of GOTTESMAN LEGAL PLLC, with their Complaint against the Infringing Defendants ███████████████████████ *and* **JOHN DOES 1-10**, and does respectfully allege as follows:

## NATURE OF THE ACTION

2. Plaintiff seeks ███████████████ d Trademark.

3. The Defendants ███████████████████████████████████████████ Defendants have financially benefited through the exploitation of the Plaintiff's Mark by selling on Amazon and other Illinois-directed online sales portals.

- 1 -

■ ████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████

■ ████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████

## THE PARTIES

*i.*   **Plaintiff**

      6.   Plaintiff ████████████████████████████████
████████ ████████████████████████████████████████
████████.

      7.   Plaintiff ████████ is, was, and remains the sole owner of USPTO Registered Trademark ████████████████████.

      8.   Annexed as Exhibit A is a complete, true and accurate copy of the Registration Certificate for ████████ and is available online from the USPTO at ████████████████████████████████████████████████

      9.   Where appropriate in this Complaint, ████████ is called "Mark".

      10.  Where appropriate in this Complaint, the Plaintiff is referred to as ████████, "**Plaintiff**" *or* "**Owner**".

*ii.*   ***Defendants***

11. Upon information and belief, Defendant ████████████████████████████████████████████████████████

██ ████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

13. Where appropriate in this Complaint, ████████████████████████████

████████████

14. Upon information and belief, ████████████████████████████████

████████████████████████████ ████████████████████████████

████████████████████████████████████████████████████████

████████████ ████████████████ ████████████████████████

15. Defendant ████████████ operates a store with Amazon under the name ████████████, under seller ID: ████████████████, and whose information page is at ████████████████████████████████████████ a copy of which is annexed as Exhibit B (as screenshotted on June 15, 2025).

16. Defendant ████████████████ uses the Mark through the name of its Amazon store, ████████████████████ available at ████████████████████████ ████████████████████████████████ and includes the Mark in all of its product descriptions, a copy of which is annexed as Exhibit C (as screenshotted on June 15, 2025).

---

1   This is the name of the city/province where the corporation is based and consistent with common Chinese practice, it is the first name of the corporation.

2   This is the actual "Branded" part of the corporate name, and upon information and belief means ████████████████.

17. Upon information and belief, Defendant ▮▮▮▮ uses the Mark with the permission of, as agent of, as assignee, in joint venture with, and otherwise at the direction of ▮▮▮▮.

18. Upon information and belief, Defendant ▮▮▮▮ is owned and operated by and/or at the direction of Defendant ▮▮▮▮, and it is one of the primary vehicles through which ▮▮▮▮ exploits the Plaintiff's Mark.

19. Upon information and belief, Defendant ▮▮▮▮ is a fictitious business name under which Defendants ▮▮▮▮ conduct business online on Amazon.

20. Where appropriate in this Complaint, both ▮▮▮▮ ▮▮▮▮ are referred to collectively as the "**Store**" or the "**Infringing Store**".

21. Upon information and belief, Defendant ▮▮▮▮ ▮▮▮▮.

22. ▮▮▮▮

23. Where appropriate in this Complaint, they are referred to as ▮▮▮▮

24. **JOHN DOES 1-10** are natural persons who are resident in China and/or the United States, that facilitated ▮▮▮▮ ▮▮▮▮ Their identities are not currently known to the Plaintiff. Upon their identification, the Plaintiff will amend (with leave of Court, as necessary) this Complaint to identify them and their specific role.

### *iii. Infringing Defendants' Co-Liability and Piercing the Corporate Veil:*

25. Each of the Infringing Defendants face direct liability for their actions and failure to act, as described in this Complaint.

26. Additionally and/or in the alternative, upon information and belief, at all times relevant to the acts and omissions that gave rise to this Complaint, Infringing Defendants had express authority to act as each other's agents when they infringed the Plaintiff's Mark and engaged in the wrongdoing and all other activities related to the allegations in this Complaint.

27. Additionally and/or in the alternative, upon information and belief, at all times relevant to the acts and omissions that gave rise to this Complaint, Infringing Defendants were under common control, were affiliates, parent and subsidiary companies, agents, representatives, co-venturers, and otherwise alter-egos of one another.

28. In addition, Infringing Defendants are in possession of the full information about their relationship with one another and co-liability. Plaintiff therefore respectfully reserves the right to seek leave, to the extent leave is required, to file an Amended Complaint further detailing the Defendants' relationship and co-liability for the tortious activity described in this Complaint.

## JURISDICTION AND VENUE

29. This is an action for federal trademark infringement, contributory infringement, and false designation of origin pursuant to 15 U.S.C. §§ 1114, 1116, 1117, and 1125(a) and other relevant provisions of federal trademark law; as well as unfair competition under Illinois common law.

30. This Court has subject matter jurisdiction over the dispute pursuant to 15 U.S.C. § 1121; as well as 28 U.S.C. §§ 1331, 1332 and 1338, and other relevant provisions of federal law.

31. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the accompanying Illinois law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

32. Infringing Defendants are subject to personal jurisdiction in the Northern District of Illinois, because they have actively directed their business activities to this District and have engaged in infringement in this District. This direction of business activity includes but is not limited to the advertisement, offering for sale, and actual sale of infringing products to consumers in Illinois and in the Northern District of Illinois.

33. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendants reside and are causing harm within this district. Defendants have also transacted business in this District at issue in this Complaint, including but not limited to the advertisement, offering for sale, and selling infringing products to consumers in Illinois and in the Northern District of Illinois.

34. The plaintiff's agents have engaged in a test purchase for delivery in Illinois, under which there was an order for and delivery to an address in Illinois.

**FACTUAL BACKGROUND**

i. *Plaintiff's Trademark Registration and Use of the Mark*

35. On ▮▮▮▮▮▮▮▮▮▮, the USPTO issued Trademark Registration No. ▮▮▮▮▮▮ to the Plaintiff in the field of:

▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*See* Exhibit A.

36. A complete, true and accurate copy of the Registration Certificate is annexed as Exhibit A and shown below:



Illustration 1 – First Page of Registration Certificate No. ▮▮▮▮▮▮

37. Plaintiff has used and intends to use their Mark in Illinois and elsewhere in the United States since ▮.

38. Annexed as Exhibit D is a complete, true and accurate copy of the Plaintiff's original Trademark Electronic Application System, showing use of the Mark on products and online sales in the United States.

39. For example, here is a picture of the Plaintiff's branded products, as submitted to the USPTO:



Documentary Evidence submitted in support of TEASD Application available online at ▮

40. The Registration issued ▮ as shown above in Paragraph 36.

41. ▮

*ii.* **Defendant ███████████████████████████"**

    42. On or about ████████████████████████
████████████████████████████████████████████
███████ █████████████████████████████████████
████████████████████████████████████████████
███████
       ■   ████████████████████████████████████
████████████████████████████████████████████
████████████████████████████

       ■   ██████████████████████

       ■   ████████████████████████████████████
████████████████████████████████████████████
███████

       ■   ████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████ ████ █████████████████████
████ █████ ███████████████████████████

       ■   ████████████████████████████████████
████████████████████████████████████████████
███████████████████████████

       ■   ████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████



### First Cause of Action
### Lanham Act – Counterfeiting and Infringement

49. Plaintiff repeats, re-alleges and incorporates by reference all relevant allegations and Exhibits described above in Paragraphs 1 – 48, as if they were fully set forth here.

50. This is an action for trademark infringement against Defendants based on their willful infringement of the Plaintiff's Mark in connection with the promotion, advertisement, distribution, sale and offering for sale of the Infringing Goods and Services and Services.

51. The Infringing Defendants are promoting and otherwise advertising, selling, offering for sale and distributing to purchasers in Illinois and the United States goods and services that in willful infringement on Plaintiff's Mark.

52. Infringing Defendants are continuously infringing the Plaintiff's Mark by using ▮▮▮▮▮▮▮ to advertise, promote, and sell goods and services in competition with the Plaintiff (referred to in this Complaint as the "Infringing Goods and Services and Services").

53. Infringing Defendants' activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of the Infringing Goods and Services.

54. Infringing Defendants had actual knowledge of the Plaintiff's ownership of the Mark ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

55. Defendants' unlawful actions have individually, and jointly with other Parties, caused and are continuing to cause damages to Plaintiff and are unjustly enriching Defendants at Plaintiff's expense.

56. The actions described above, including the knowing and willful continued use of the infringing mark constitute counterfeiting and infringement of the Plaintiff's Mark in violation of Plaintiff's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

57. Plaintiff has suffered and will continue to suffer irreparable injury due to the Defendants' above-described activities if the Defendants are not permanently enjoined from their violations.

58. Absent the entry of a temporary and permanent injunction by this Court, Plaintiff will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

## Second Cause of Action
## Lanham Act – False Designation of Origin

59. The Plaintiff repeats, re-alleges and incorporates by reference all relevant allegations and Exhibits described above in Paragraphs 1 – 58, as if they were fully set forth here.

60. Infringing Defendants' Infringing Goods and Services offered for sale and sold using Plaintiff's Mark have been widely advertised and distributed throughout the United States.

61. Infringing Defendants' Counterfeit and Infringing Goods and Services are different and of inferior quality to the Plaintiff's authentic product.

62. Infringing Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of their Infringing Goods and Services.

63. Infringing Defendants have used in connection with their sale of the Counterfeit Goods, false designations of origin and false descriptions and representations, including words or other symbols and trade dress which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Plaintiff and in violation of the Lanham Act and other provisions of Federal and Illinois law.

64. Infringing Defendants engaged in and authorized others to engage in infringing uses of the Plaintiff's Mark, in Infringing Defendants' advertisement, websites, social media and/or other promotion of their Infringing Goods and Services marketed and branded with Plaintiff's Mark.

65. Infringing Defendants misrepresented to members of the consuming public that the Infringing Goods and Services being advertised and sold by them are genuine, non-Infringing Goods and Services.

66. Infringing Defendants above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and other relevant provisions of Federal and Illinois law.

67. ████████████████████████████████████████████████████████████████████████████.

68. Infringing Defendants' unlawful actions have individually, and jointly with other Parties, caused and are continuing to cause unquantifiable damages to Plaintiff and are unjustly enriching Defendants at Plaintiff's expense.

69. Plaintiff has suffered and will continue to suffer irreparable injury due to Infringing Defendants' above-described activities if they are not permanently enjoined.

70. Absent the entry of an injunction by this Court, Plaintiff will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

**Third Cause of Action**
**Common Law Unfair Competition Under Illinois Law**

71. Plaintiff repeats, re-alleges and incorporates by reference all relevant allegations and Exhibits described above in Paragraphs 1 – 70, as if they were fully set forth here.

72. This is an action against Defendants based on their promotion, advertisement, distribution, sale and/or offering for sale of Infringing Goods and Services bearing the Plaintiff's Mark.

73. Under Illinois law, "the elements of a state unfair competition claim mirror those of federal statutory trademark infringement", *AHP Subsidiary Holding Co. v. Stuart Hale Co.*, 1 F.3d 611, 619 (7th Cir. 1993).

74. All of the elements of federal statutory trademark infringement have been alleged and therefore a claim for unfair competition under Illinois law has been alleged here.

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE**, Plaintiff respectfully prays for a judgment by this Court for the following:

A. Temporarily and permanently restraining Infringing Defendants, their employees, agents and representatives, and all persons acting in concert or in participation with them, from using on or in connection with any business, service, or the sale, offering for sale, distribution, advertising, promotion, labeling or packaging, of any services or any goods, or from using for any commercial purpose whatsoever the Mark ▇▇▇▇▇ or any colorable imitation or confusingly similar Mark;

B. Requiring Infringing Defendants to deliver up to the Court for destruction, or to show proof (upon the oath of Defendants made subject to penalty of perjury) of said destruction, any and all items which bear or depict in any manner the Mark ▇▇▇▇▇ or any colorable imitation or confusing similar Mark, and to pass ownership of the websites to the Plaintiff;

C. Directing the Infringing Defendants to recall from any and all channels of distribution any products bearing any matter or materials in violation of any injunction entered herein or bearing or depicting ▇▇▇▇▇" Mark or any colorable imitation or confusing similar Mark;

D. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

E. Awarding to Plaintiff their actual, compensatory, consequential, and incidental damages, in an as yet undetermined amount, resulting from the acts of Infringing Defendants complained of herein, including statutory fees and legal fees to the extent permitted by law in an amount of not less than two million dollars ($2,000,000.00), and exemplary damages;

F. Awarding Plaintiff prejudgment and post-judgment interest on any monetary award according to the maximum allowable legal rate; and

G. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY
FOR ALL TRIABLE ISSUES**

Dated this 15th day of June, 2025

RESPECTFULLY SUBMITTED

Baruch S. Gottesman, Esq.
GOTTESMAN LEGAL
11 Broadway, Suite 615
New York, NY   10004
o: (212) 401-6910
e: bg@gottesmanlegal.com
*Attorney for Plaintiff*