# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **QUIJU CHEN,**<br><br>               Plaintiff,<br><br>~ against ~<br><br>**JIA SHANGYANG**;<br>**KANGZHIYUAN**;<br>**QZEUOUCU STORE**;<br>**WEILI DENG**; and<br>**JOHN DOES 1 – 10**,<br><br>               Defendants, | Case No.: **1:25-cv-06611**<br><br>**District Judge:**<br>The Honorable John J. Tharp, Jr.<br><br>**Magistrate Judge:**<br>The Honorable Daniel P. McLaughlin |

### AFFIDAVIT IN SUPPORT OF
### PLAINTIFF'S RENEWED MOTION TO FILE COMPLAINT
### AND THIS AFFIDAVIT UNDER SEAL
### AND TO TEMPORARILY PROCEED UNDER PSEUDONYM

**I.    INTRODUCTION**

    1.    **Baruch S. Gottesman, Esq.**, Counsel for the Plaintiff respectfully submits this Motion to file the Complaint and this Affidavit Under Seal.

    2.    As directed by the Honorable Court in the Minute Order dated June 17, 2025 (ECF 9), the Plaintiff respectfully re-submits this CORRECTED Motion to Seal in compliance with the local rules including the direction of the Honorable Court in the Minute Order.

    3.    The Plaintiff believed that they have (apparently they weren't) but now now renew this Motion after having made good faith efforts to confirm that are in

- 1 -

compliance with all procedural requirements under Local Rule 26.2(c) for the filing of pleadings and documents under Seal.

4. Substantive good cause exists to file the Complaint under seal because this is an unusual case where the China-based Defendants have a history (as shown in the Complaint and the public USPTO record) of the misuse and underhanded abuse of the USPTO Trademark Registration system. This includes the Defendants' use of Counsel to file a bogus "Assignment" with the USPTO to wrongly try to take control of the Plaintiff's Mark. The Plaintiff therefore has reasonable fear that if before a TRO is issued and executed any information about this case–including the existence and nature of the bogus Assignment–will 'tip off' the unusually sophisticated Defendants and allow them to remove evidence, disappear their U.S.-based funds, and otherwise evade responsibility for their trademark infringement.

5. Further, to the extent it is necessary to do so, the Plaintiff respectfully seeks leave to proceed on a temporary basis (through the execution of the TRO or other direction of this Honorable Court.) on a pseudonymous basis to prevent the exposure of the identity of the Parties which would allow the unusually sophisticated Defendants to remove evidence, disappear their U.S.-based funds, and otherwise evade responsibility for their trademark infringement.

II. **COMPLIANCE WITH PROCEDURAL REQUIREMENTS**

6. Consistent with Local Rule 26.2(c)(1) and as further directed (and corrected) by this Honorable Court, the Plaintiff has filed a Redacted Version of the

Complaint the Plaintiff has filed a public and Redacted Version of the Complaint (ECF 11) and a copy of the unredacted Complaint with all Exhibits (ECF 10).

7. In addition, the Plaintiff has filed a public and Redacted Version of this Affidavit (ECF 12-1) and an unredacted Version of the Affidavit under provisional Seal (ECF 13).

8. These public filings will provide Notice to the public that documents have been filed under Seal and the opportunity to challenge such sealing, should any member of the public so choose.

9. In addition, attached to this Affidavit as **Exhibit A** is a copy of the Complaint with Yellow highlighting showing which sections have been redacted. These redacted materials are statements identifying the parties and the IP at issue and disclosing that the Defendants have attempted to file a bogus "Assignment" of the IP to themselves.

10. Attached to this Affidavit as **Exhibit B** is a copy of this Affidavit, highlighting in yellow showing which sections have been redacted. These redacted materials are those statements that identify the parties and the IP at issue.

11. Further, the Plaintiff has moved immediately upon the filing of the redacted version, the full versions under (provisional) seal, and this Motion to Seal.

12. Last, the Plaintiff will promptly move for a TRO and immediately upon execution of the TRO or other direction of this Honorable Court, will move this Court to release the seal and docket the documents publicly.

## III. GOOD CAUSE EXISTS TO FILE UNDER SEAL

13. In the Seventh Circuit, "in order to show good cause to file a document or portion thereof under seal, the requesting party must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Strait v. Belcan Eng'g Grp., Inc.*, No. 11-cv-1306, 2012 U.S. Dist. LEXIS 83727, at *4 (N.D. Ill. June 18, 2012) *citing Baxter Int'l v. Abbott Labs*, 297 F.3d 544, 548 (7th Cir. 2002).

14. **The first document at issue is the Complaint (ECF 10 / 11/ 12-1).**

15. The Complaint alleges an unusual situation that requires the redaction of the parties and some of the facts of the case, unique to this particular situation.

16. The Plaintiff alleges that the China-based Defendants filed a bogus "Assignment" with the USPTO in an attempt to transfer ownership of the infringing Mark from the Plaintiff to the Defendants, ¶¶ 42-48.

17. The filing of that Assignment shows that the infringing Defendants are particularly sophisticated and familiar with the U.S. Trademark system, including the use of attorneys to abuse the intellectual property rights system in the United States.

18. The Defendants' willingness to file fraudulent documentation with a U.S. Government Agency signals that they would be willing (were they to learn of this Complaint) to escheat any U.S.-based funds back home to China and potentially destroy relevant evidence.

19. This is similar but distinct from "Schedule A Defendant" (SAD) cases, where Defendants in China are named in a Complaint.

20. This case shares with typical SAD cases the need to avoid identifying the Parties so that the infringing Defendants do not use that information to remove evidence, disappear their U.S.-based funds, and otherwise evade responsibility for their trademark infringement.

21. But this case is different because the actual facts of the case, specifically the allegations and documentation that the Defendants filed the bogus "Assignment", would notify the Defendants that this suit has been filed requiring greater amounts of redaction.

22. As this Honorable Court knows, the dockets of the Northern District of Illinois are carefully monitored by any number of Seller forums in China, which is why it has been the practice of this Honorable Court to allow documents in intellectual property infringement cases against China-based Defendants to be filed under seal, *See, e.g.,* MINUTE ENTRY 25, *Marc Jacobs Trademarks, LLC v. The P'shps and Unincorporated Associations Identified on Schedule A,* 1:25-cv-5794 (N.D.Ill. June 5, 2025)(granting Motion to Seal identity of infringing Defendants); MINUTE ENTRY 20, *Elizabeth's Studio LLC v. The P'shps and Unincorporated Associations Identified on Schedule A,* 1:25-cv-5887 (N.D.Ill. June 2, 2025)(same); MINUTE ENTRY 13, *Bounce Curl, LLC v. The P'shps and Unincorporated Associations Identified on Schedule A,* 1:25-cv-5892 (N.D.Ill. May 29, 2025)(same)..

23. That is doubly true here, where the explosive allegations of the fraudulent "Assignment" will necessarily disclose the Parties' identities.

24. In this District, "[A] party claiming that injury will result from disclosure of certain information must provide support for such a statement." *In re Bank One Sec. Litig.*, 222 F.R.D. 582, 588 (N.D. Ill. 2004) *citing Baxter*, 297 F.3d at 547.

25. In this case, the specific injuries would be as follows:

(i.) Defendants may close their Amazon accounts and otherwise destroy relevant evidence of infringement. This will make it more difficult or even impossible for the Plaintiff to prosecute this Action. Even as the Defendants can simply re-start their infringing activity under a new Amazon store account with no ability to track them down.

(ii.) The Defendants may clear out any U.S.-based financial accounts which would make it impossible for the Plaintiff to recover the damages suffered by the infringement. Those funds can be sent overseas to China or even to a domestic account in a manner that makes it impractical for the Plaintiff to pursue their damages.

(iii.) The Defendants can use the information disclosed before the execution of the TRO to sabotage the Plaintiff's case and ability to collect through other actions through the destruction of evidence, the creation of strawman parties, and other enforcement avoidance methods.

26. For these reasons, the Plaintiff respectfully submits that the unredacted version of the Complaint should remain under seal until the TRO is executed or other direction of this Honorable Court.

**27. The second document is this Affidavit (ECF 12 / 13-1).**

28. For the reasons described above, disclosing this Affidavit which explains the unique circumstances of the case would tip off the infringing Defendants that this case has been filed and enable infringing Defendants to use that information to remove

evidence, disappear their U.S.-based funds, and otherwise evade responsibility for their trademark infringement.

29. For the reasons shared above, the Plaintiff respectfully asks that this Affidavit in Support should remain under seal until the TRO is executed or other direction of this Honorable Court.

## IV. GOOD CAUSE EXISTS TO TEMPORARILY PROCEED UNDER PSEUDONYM

30. In light of the Court's direction (ECF 9), it may be an academic issue whether to proceed under a pseudonym.

31. Specifically, to the extent that the Complaint remains sealed and the identities of the Parties remain so until the execution of the TRO or other direction of this Honorable Court, it is unnecessary to proceed under a pseudonym at all.

32. However, to the extent that the redaction of the names in the Complaint is deemed to be "proceeding under a pseudonym," the Plaintiff respectfully seeks leave to do so until the execution of the TRO or other direction of this Honorable Court.

33. The Honorable Court has referenced *Doe v. Cook Cty.*, 542 F. Supp. 3d 779, 784 (N.D. Ill. 2021) which lays out a non-exhaustive list of factors considred in the Northern District of Illinois as to whether to proceed under pseudonym, See Doe, 542 F.Supp. at 784 and n. 1.

34. The relevant factors in this case include:

"2. Whether the case involves a highly sensitive and personal matter or requires the disclosure of information of the utmost intimacy;

"3. Whether the movant would suffer other harms, including harassment, ridicule, [**8] embarrassment, or some other adverse outcome if her identity was made public;

"6. Whether there is a risk of prejudice to the opposing party;

"7. Whether there is evidence of ulterior motives of the movant;

"8. Whether the movant's identity has been disclosed to the public or kept confidential;

"9. Whether there are alternative mechanisms to protect the confidentiality of the movant;

"10. Whether the opposing party is a governmental entity or a private individual;"

35. As applied here

"2. Whether the case involves a highly sensitive and personal matter or requires the disclosure of information of the utmost intimacy;

**Application Here:**
For the reasons described above, the identity of the parties and the fraudulent "Assignment" are highly sensitive and therefore the Plaintiff respectfully submits that this factors tips toward allowing the Plaintiff to temporarily proceed pseudonymously

"3. Whether the movant would suffer other harms, including harassment, ridicule, embarrassment, or some other adverse outcome if her identity was made public;

**Application Here:**
For the reasons described above, the Plaintiff would lose the ability to enforce their intellectual property rights if the Defendants are tipped off to the existence of this case.

"6. Whether there is a risk of prejudice to the opposing party;

**Application Here:**
We respectfully submit that there is no risk of prejudice as the Defendants will be promptly notified of the TRO when executed and promptly served with the moving papers.

"7. Whether there is evidence of ulterior motives of the movant;

**Application Here:**
We respectfully submit that the Plaintiff has no ulterior motive other than to enable them to proceed with this case with an injunction that is actually enforceable.

"8. Whether the movant's identity has been disclosed to the public or kept confidential;

**Application Here:**
The Plaintiff has carefully moved under Seal to prevent the disclosure to the public and has otherwise acted to keep this matter confidential.

"9. Whether there are alternative mechanisms to protect the confidentiality of the movant;

**Application Here:**
The Plaintiff submits that if the Complaint remains under seal, then this is unnecessary, but

to the extent that this is deemed to be proceeding under a pseudonym, they ask that the identity of the Parties remain confidential until the TRO is executed and/or other direction of the Court.

"10. Whether the opposing party is a governmental entity or a private individual;"

**Application Here:**
The Defendants are private individuals and therefore the public interest in this matter is not implicated in the manner it would be against a government agency or otherwise about government action.

## **DECLARATION**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**Executed on this 23rd day of June, 2025.**

RESPECTFULLY SUBMITTED,

By: *[signature]*

Baruch S. Gottesman, Esq.

## CERTIFICATE OF SERVICE

       I hereby certify that on June 23, 2025, simultaneous with the filing of this Submission, a copy of this submission was served under Seal using the CM/ECF system.

RESPECTFULLY SUBMITTED,

By: _____

Baruch S. Gottesman, Esq.