**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

[REDACTED],

Plaintiff,

*~ against ~*

[REDACTED]
[REDACTED]
[REDACTED]
[REDACTED]*; and*
**JOHN DOES 1 – 10***,*

Defendants,

**Case No.:** 1:25-cv-06611

**District Judge:**
The Honorable John J. Tharp, Jr.

**Magistrate Judge:**
The Honorable Daniel P. McLaughlin

**MEMORANDUM OF LAW** *by*

**PLAINTIFF [REDACTED] EX PARTE MOTION FOR ENTRY OF A TEMPORARY RESTRAINING ORDER, INCLUDING A TEMPORARY INJUNCTION, AN ASSET RESTRAINT, AND EXPEDITED DISCOVERY**

By: Baruch S. Gottesman, Esq.
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
*Counsel for Plaintiff*

## A Table of Contents

**B. Table of Authorities** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

**C. Introduction and Factual Background** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**D. Argument**: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I. Plaintiff Has Met the Burden on this Motion for a Temporary Restraining Order to Issue . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

a. What Plaintiff Must Show to Obtain a TRO . . . . . . . . . . . . 2

b. Plaintiff is Likely to Succeed on the Merits . . . . . . . . . . . . 4

c. Irreparable Harm is Generally Presumed in Trademark Infringement Cases . . . . . . . . . . . . . . . . . . . . . 5

d. Balance of Equities Tips in Favor of Plaintiff and a TRO Serves the Public Interest . . . . . . . . . . . . . . . . . 5

e. The Bond Should be Set at $1,000.00 . . . . . . . . . . . . . . . . . 6

IV. The Terms for the Proposed Temporary Restraining Order are Appropriate . . . . . . . . . . . . . . . . . . . . 13

**E. Conclusion** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## B. Table of Authorities

### US SUPREME COURT CASES

*Winter v. Nat. Res. Def Council, Inc.*,
555 U.S. 7 (2008) .......... 2

### FEDERAL CASES

*Abbott Labs. v. Mead Johnson & Co.*,
971 F.2d 6 (7th Cir. 1992) .......... 5

*Case No.:*,
1:25-cv-06611 .......... i

*Data Mgmt. Ass'n Int'l v. Enter. Warehousing Sols., Case*,
04711, 2020 U.S. Dist. LEXIS 242699 (N.D. Ill. Dec. 28, 2020) .......... 2, 5

*Easton v. Primal Wear, Inc., -*,
06081, 2019 U.S. Dist. LEXIS 53907 (N.D. Ill. Mar. 29, 2019) .......... 3

*Eli Lilly & Co. v. Nat. Answers, Inc.*,
233 F.3d 456 (7th Cir. 2000) .......... 5

*Long v. Bd. of Educ.*,
167 F. Supp. 2d 988 (N.D. Ill. 2001) .......... 2

*McDonald v. Cook Cty. Officers' Electoral Bd.*,
1277, 2018 U.S. Dist. LEXIS 42503 (N.D. Ill. Mar. 15, 2018) .......... 3

*Mob Entertainment, Inc. v. The P'ships & Unincorporated Assns. Identified on Schedule A, Case*,
2025 No. 1:25-cv-3881 (N.D.Ill. 2025) .......... 6

*Nike, Inc. v. The P'ships & Unincorporated Assns. Identified on Schedule A, Case*,
2025 No. 1:25-cv-3356 (N.D.Ill. 2025) .......... 6

*Re/Max N. Cent., Inc. v. Cook*,
272 F.3d 424 (7th Cir. 2001) .......... 5

*Sony Interactive Entertainment LLC v. The P'ships & Unincorporated Assns. Identified on Schedule A, Case*,
2025 No. 1:25-cv-4482 (N.D.Ill. 2025) .......... 6

*Spectrum Brands, Inc. v. Individuals, Corps., L.L.C., Partnerships, & Unincorporated Assocs. Identified in Schedule A, Case*, No. 1:24-cv-04849, 2024 U.S. Dist. LEXIS 184184 (N.D. Ill. Oct. 9, 2024) ........................ 2

*Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171 (9th Cir. 2010) ........................................................................................ 6

*Toyota Motor Sales, U.S.A., Inc. v. The P'ships & Unincorporated Assns. Identified on Schedule "A",* Case No. 25-cv-02616 (N.D.Ill. 2025) ........................................................... 7

*Tully v. Okeson*, 977 F.3d 608 (7th Cir. 2020) ........................................................................................ 2

*Valencia v. City of Springfield, Illinois*, 883 F.3d 959 (7th Cir. 2018) ........................................................................................ 3

**OTHER AUTHORITIES**

https://www.amazon.com/stores/page/045C5F92-9F14-48EF-A22D-AA69BEFCD8CB ............ 4

## C. Introduction and Factual Background

On [redacted], the USPTO issued the Plaintiff a Trademark Registration for the [redacted] Mark in [redacted] *See* Complaint at ¶ 35 and Exhibit A. [redacted]

[redacted]

But the Plaintiff remains plagued by the infringers' continued misuse of the Mark and respectfully brings this Motion to enjoin the Defendants from continuing to exploit the Plaintiff's intellectual property and for other relief as more particularly described below and detailed in the proposed Order, to be submitted simultaneously with this Memorandum.

This month, the Plaintiff brought suit and moved to proceed under Seal, permission for which was granted this week by the Honorable Court. The Plaintiff now respectfully seeks the entry of the requested TRO pursuant to Rule 65 and other relevant rules and practices of this Honorable Court. As discussed in the Motion to Seal, the Plaintiff will promptly move to unseal and will serve this Complaint immediately upon the execution of the TRO with Amazon.

## C. Argument

### I. Plaintiff Has Met the Burden on this Motion for a Temporary Restraining Order to Issue

#### a. What Plaintiff Must Show to Obtain a TRO

"A plaintiff seeking a preliminary injunction must establish

[1] that he is likely to succeed on the merits,

[2] that he is likely to suffer irreparable harm in the absence of preliminary relief,

[3] that the balance of equities tips in his favor, and

[4] that an injunction is in the public interest."

*Spectrum Brands, Inc. v. Individuals, Corps., L.L.C., Partnerships, & Unincorporated Assocs. Identified in Schedule A*, Case No. 1:24-cv-04849, 2024 U.S. Dist. LEXIS 184184, at *8 (N.D. Ill. Oct. 9, 2024)(formatting added) *quoting Winter v. Nat. Res. Def Council, Inc.*, 555 U.S. 7, 20 (2008). This Court has also sometimes described the required showing for a preliminary injunction as having three elements, specifically:

> "a party seeking preliminary relief must 'make a threshold showing that:
>
> (1) absent preliminary relief, [it] will suffer irreparable harm in the interim prior to a final resolution;
>
> (2) there is no adequate remedy at law; and
>
> (3) [it] has a reasonable likelihood of success on the merits.'"

*Data Mgmt. Ass'n Int'l v. Enter. Warehousing Sols.*, Case No. 20 C 04711, 2020 U.S. Dist. LEXIS 242699, at *4 (N.D. Ill. Dec. 28, 2020) *quoting Tully v. Okeson*, 977 F.3d 608, 612-13 (7th Cir. 2020).

In the Northern District, Courts hold that: "The standards for issuing temporary restraining orders are identical to the standards for preliminary injunctions." *Long v. Bd.*

*of Educ.*, 167 F. Supp. 2d 988, 990 (N.D. Ill. 2001) *Accord McDonald v. Cook Cty. Officers' Electoral Bd.*, No. 18 C 1277, 2018 U.S. Dist. LEXIS 42503, at *8 n.6 (N.D. Ill. Mar. 15, 2018)(favorably citing the "identical standards" rule of *Long*). This Court has always highlighted that in assessing a Motion for a TRO/PI, the court "employs a sliding scale approach: the more likely the plaintiff is to win, the less heavily need the balance of harms weigh in his favor; the less likely he is to win, the more need it weigh in his favor." *Data Mgmt.*, *Id.*, *quoting Valencia v. City of Springfield, Illinois*, 883 F.3d 959, 966 (7th Cir. 2018).

**b. Plaintiff is Likely to Succeed on the Merits**

To prevail on a trademark claim the Plaintiff, "must establish that 1) [their] mark is protectable, and 2) [Defendants'] use of [Plaintiff's mark] is likely to cause confusion among consumers." *Easton v. Primal Wear, Inc.*, No. 17-cv-06081, 2019 U.S. Dist. LEXIS 53907, at *7 (N.D. Ill. Mar. 29, 2019).





For these reasons, the Plaintiff respectfully submits that they have a reasonable likelihood to win on the merits.

### c. Irreparable Harm is Generally Presumed in Trademark Infringement Cases

As this Court noted:

> "[I]rreparable harm 'is generally presumed in cases of trademark infringement.' *Eli Lilly & Co. v. Nat. Answers, Inc.*, 233 F.3d 456, 469 (7th Cir. 2000). The Seventh Circuit has repeatedly recognized that the 'most corrosive and irreparable harm' attributable to trademark infringement 'is the inability of the [trademark holder] to control the nature and quality of the defendants' goods'; this type of 'damage to a trademark holder's goodwill' leaves a trademark owner, like DAMA-I, with no adequate legal remedy."

*Data Mgmt. Ass'n Int'l v. Enter. Warehousing Sols.*, No. 20 C 04711, 2020 U.S. Dist. LEXIS 242699, at *12 (N.D. Ill. Dec. 28, 2020) *citing Re/Max N. Cent., Inc. v. Cook*, 272 F.3d 424, 432 (7th Cir. 2001); *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 16 (7th Cir. 1992).

That is especially true here where the use of the Defendant's Mark is not subtle, accidental or incidental. [redacted]

For these reasons the Plaintiff respectfully submits that there is irreparable harm to the Plaintiff by the Defendants' continued misuse of the Plaintiff's Mark.

### d. The Balance of Equities Tips in Favor of Plaintiff and a TRO Serves the Public Interest

The balance of equities clearly tips in favor of the Plaintiff.

As shown in the Complaint and the public record, this case does not involve the inadvertent or subtle exploitation of the Plaintiff's intellectual property. [redacted]

[redacted] Imposing a TRO would not implicate "serious First Amendment concerns because it can intervene with truthful communications between buyers and sellers." *See Data Mgmt.*, at *17 *citing Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171, 1175 (9th Cir. 2010).

[redacted]

Since the Plaintiff has established all the necessary elements for the entry of a Temporary Restraining Order, the Plaintiff submits that the TRO should enter.

**e. The Bond Should be Set at $1,000.00**

The Plaintiff respectfully submits that consistent with this Honorable Court's practice of imposing a $1,000.00 bond with respect to each China-based Defendant in Trademark Infringement cases, *See, e.g.*, SURETY BOND ECF 34 in *Sony Interactive Entertainment LLC v. The P'ships & Unincorporated Assns. Identified on Schedule A*, Case No. 1:25-cv-4482 (N.D.Ill. May 6, 2025)(docketing $64,000.00 bond for case against 64 China-based trademark infringement Defendants); SURETY BOND ECF 32 in *Mob Entertainment, Inc. v. The P'ships & Unincorporated Assns. Identified on Schedule A*, Case No. 1:25-cv-3881 (N.D.Ill. May 2, 2025)($55,000.00 bond for 55 Defendants); SURETY BOND ECF 35 in *Nike, Inc. v. The P'ships & Unincorporated Assns. Identified on Schedule A*, Case No. 1:25-cv-3356 (N.D.Ill. April 15, 2025)($56,000.00 bond for 56 Defendants).

The Plaintiff respectfully submits that the bond should be set at $1,000.00 with respect to the only Defendant – a single Amazon store – that would be impacted by this proposed injunction.

## II. The Terms for the Proposed Temporary Restraining Order are Appropriate

The Plaintiff respectfully requests a restraint on the Defendant Store's assets in order to preserve an equitable accounting of the Defendants' profits from sales using the infringing Mark is not impaired. We have modeled the Order on the one issued by this Honorable Court in SEALED TEMPORARY RESTRAINING ORDER ECF 27 in *Toyota Motor Sales, U.S.A., Inc. v. The P'ships & Unincorporated Assns. Identified on Schedule "A"*, Case No. 25-cv-02616 (N.D.Ill. March 25, 2025).

The need for an injunction here is true more than in typical cases because [redacted]

To limit the impact of such an imposition, the Plaintiff also respectfully seeks an Order allowing for expedited discovery so the amount of sales using the infringing Mark can be quickly identified and, as necessary, the Plaintiff can move forward with a Default Judgment or Motion for Summary Judgment. In addition, the Defendants will be notified immediately upon the execution of the TRO and they will have more than a fair opportunity to challenge its imposition once imposed.

## **E. Conclusion**

For these reasons, we respectfully submit that this Honorable Court should issue a Temporary Restraining Order as proposed in the accompanying Proposed Order.

DATED: **JUNE 27, 2025**

RESPECTFULLY SUBMITTED,

By: [signature]

Baruch S. Gottesman, Esq.
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
Phone: (212) 401-6910
bg@gottesmanlegal.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 27, 2025, simultaneous with the filing of this Submission, a copy of this submission was served on the Docket using the CM/ECF system.

RESPECTFULLY SUBMITTED,

By: ______________________

Baruch S. Gottesman, Esq.