# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| QUIJU CHEN,<br><br>    Plaintiff,<br><br>v.<br><br>JIA SHANGYANG; KANGZHIYUAN; QZEUOUCU STORE; WEILI DENG; and JOHN DOES 1 – 10,<br><br>    Defendants. | Case No. 25-cv-06611<br><br>Judge John J. Tharp, Jr. |

## SEALED TEMPORARY RESTRAINING ORDER

Plaintiff QUIJU CHEN ("Plaintiff") filed an *Ex Parte* Motion for Entry of a Temporary Restraining Order, including a Temporary Injunction, a Temporary Asset Restraint, and Expedited Discovery (the "Motion") against JIA SHANGYANG; KANGZHIYUAN; QZEUOUCU STORE; WEILI DENG (collectively "Defendants"). After reviewing the Motion and the accompanying record, this Court GRANTS Plaintiff's Motion in part as follows.

This Court finds, in the absence of adversarial presentation, that Plaintiff has provided a basis to conclude that Defendants have sold products using infringing and counterfeit versions of Plaintiff's federally registered trademark "QZEUOUCU," Registration No. 7278415 (the "QZEUOUCU Trademark").

This Court also finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because Plaintiff has presented specific facts in support of the Motion and accompanying evidence clearly showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Specifically, in the absence of an *ex parte* Order, Defendants could and likely would

1

move any assets from accounts in financial institutions under this Court's jurisdiction to offshore accounts. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily enjoined and restrained from:

    a. using the the QZEUOUCU Trademark or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiff product or not authorized by Plaintiff to be sold in connection with the the QZEUOUCU Trademark;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the the QZEUOUCU Trademark;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

    d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the the QZEUOUCU Trademark, or any reproductions, counterfeit copies, or colorable imitations.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. Plaintiff is authorized to issue expedited written discovery to Defendants, pursuant to Federal Rules of Civil Procedure 33, 34, and 36, related to:

    a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

    b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts and Defendants' sales and listing history related to their respective Online Marketplaces; and

    c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), Alipay, ContextLogic Inc. d/b/a Wish.com ("Wish.com"), Alibaba Group Holding Ltd. ("Alibaba"), Ant Financial Services Group ("Ant Financial"), Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' Online

Marketplaces, including, without limitation, any online marketplace platforms such as eBay, Inc., AliExpress, Alibaba, Amazon.com, Inc., Wish.com, and Dhgate (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Plaintiff expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

   a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

   b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts and Defendants' sales and listing history related to their respective Online Marketplaces; and

   c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Alipay, Wish.com, Alibaba, Ant Financial, Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

5. Upon Plaintiff's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 4, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with

Defendants in connection with the sale of counterfeit and infringing goods using the QZEUOUCU Trademark.

6. Any Third Party Providers, including PayPal, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, shall, within seven (7) calendar days of receipt of this Order:

    a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses provided for Defendants by third parties; and

    b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

7. Plaintiff must provide notice to Defendants of any motion for preliminary injunction as required by Rule 65(a)(1).

8. All currently sealed documents, including the Plaintiff's Complaint and Exhibits [2] [3] [10], Affidavit in Support [12], Motion for a TRO and Supporting Documents [18] [20] and this Order shall remain sealed until further order by this Court or until the Order expires, whichever occurs earlier.

9. Within seven (7) calendar days of entry of this Order, Plaintiff shall deposit with the Court $1,000.00, either cash or surety bond, as security, which amount has, in the absence of adversarial testing, been deemed adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

10. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

11. This Temporary Restraining Order without notice is entered at 5:00 P.M. on June 30, 2025 and shall remain in effect for fourteen (14) calendar days until July 14, 2025. Any motion to extend this Order must be filed by July 11, 2025.

Dated: June 30, 2025

_____
John J. Tharp, Jr.
United States District Judge