# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

QUIJU CHEN,

                     Plaintiff,

       *~ against ~*

**JIA SHANGYANG**;
**KANGZHIYUAN**;
**QZEUOUCU STORE**;
**WEILI DENG**; *and*
**JOHN DOES 1 – 10**,

               Defendants,

**Case No.:** 1:25-cv-06611

**District Judge:**
The Honorable John J. Tharp, Jr.

**Magistrate Judge:**
The Honorable Daniel P. McLaughlin

---

## MEMORANDUM OF LAW *by*
### PLAINTIFF CHEN'S MOTION TO UNSEAL, TO AMEND CAPTION AND TO CONVERT TRO INTO PRELIMINARY INJUNCTION

---

By:    Baruch S. Gottesman, Esq.
          GOTTESMAN LEGAL PLLC
          11 Broadway, Suite 615
          New York, NY 10004
          *Counsel for Plaintiff*

# A  __Table of Contents__

**B.**  **Table of Authorities** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

**C.**  **Introduction and Factual Background** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**D.**  **Argument**: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

   I.  The Court Should Unseal the SEALED Filings
     and Amend the Caption to Proceed
     under the Parties' True Names . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

   II.  The Court Should Convert the TRO
     into a Preliminary Injunction,
     now on Notice to the Defendants . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

     a.  Plaintiff is Likely to Succeed on the Merits . . . . . . . . . . . 2

     b.  Irreparable Harm is Generally Presumed
       in Trademark Infringement Cases . . . . . . . . . . . . . . . . . . . 4

     c.  Balance of Equities Tips in Favor of Plaintiff
       and a Preliminary Injunction Serves the Public Interest . . . 5

     d.  The Bond Should Remain at $1,000.00 . . . . . . . . . . . . . . 5

   III.  The Terms for the Proposed
     Temporary Restraining Order are Appropriate . . . . . . . . . . . . . . . . . . . . . 6

**E.**  **Conclusion** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

# TABLE OF AUTHORITIES

**Cases**

*Abbott Labs. v. Mead Johnson & Co.*,
   971 F.2d 6 (7th Cir. 1992) ................................................. 4

*Data Mgmt. Ass'n Int'l v. Enter. Warehousing Sols., Case -*,
   4711, 2020 U.S. Dist. LEXIS 242699 (2020) ............................ 2, 4, 5

*Easton v. Primal Wear, Inc., -*,
   06081, 2019 U.S. Dist. LEXIS 53907 (N.D. Ill. Mar. 29, 2019) ........................ 2

*Eli Lilly & Co. v. Nat. Answers, Inc.*,
   233 F.3d 456 (7th Cir. 2000) ................................................. 4

*Long v. Bd. of Educ.*,
   167 F. Supp. 2d 988 (N.D. Ill. 2001) ................................................. 2

*McDonald v. Cook Cty. Officers' Electoral Bd.*,
   1277, 2018 U.S. Dist. LEXIS 42503 (N.D. Ill. Mar. 15, 2018) ........................ 2

*Mob Entertainment, Inc. v. The P'ships & Unincorporated Assns. Identified on Schedule A*,
   2025 Case No. 1:25-cv-3881 (N.D.Ill. 2025) ........................ 5

*Nike, Inc. v. The P'ships & Unincorporated Assns. Identified on Schedule A*,
   2025 Case No. 1:25-cv-3356 (N.D.Ill. 2025) ........................ 6

*Re/Max N. Cent., Inc. v. Cook*,
   272 F.3d 424 (7th Cir. 2001) ................................................. 4

*Sony Interactive Entertainment LLC v. The P'ships & Unincorporated Assns. Identified on Schedule A*,
   2025 Case No. 1:25-cv-4482 (N.D.Ill. 2025) ........................ 5

*Toyota Motor Sales, U.S.A., Inc. v. Tabari*,
   610 F.3d 1171 (9th Cir. 2010) ................................................. 5

*Toyota Motor Sales, U.S.A., Inc. v. The P'ships & Unincorporated Assns. Identified on Schedule "A"*,
   2025 Case No. 25-cv-02616 (N.D.Ill. 2025) ........................ 6

*Valencia v. City of Springfield, Illinois*,
   883 F.3d 959 (7th Cir. 2018) ................................................. 2

**Other Authorities**

https://www.amazon.com/stores/page/045C5F92-9F14-48EF-A22D-AA69BEFCD8CB ............ 3

## C.     Introduction and Factual Background

The Court permitted the Plaintiff to proceed under Seal (and under pseudonyms) for the limited purpose of obtaining and executing on a Temporary Restraining Order against the Defendants (ECFs 13 and 21). The TRO having been issued and now executed, the Plaintiff respectfully moves to Unseal all SEALED filings (ECFs 2, 3, 10, 12, and 20), to Amend the Caption to reflect the Parties true names, and to convert the TRO into a Preliminary Injunction on Notice to the impacted Defendants.

## D.     Argument

### I.     The Court Should Unseal the SEALED Filings and Amend the Caption to Proceed under the Parties' True Names

As discussed in the moving papers on the Motions to Seal and to proceed under pseudonyms, the limited purpose for which the Plaintiff sought to proceed under Seal was to prevent the Defendants from learning of the Temporary Restraining Order and using the time between when it would be issued and actually executed to escheat funds to accounts outside of the United States (from which the Plaintiff could not recover) and otherwise frustrate Discovery in this matter by closing their Amazon account.

Now that the TRO has been executed, the Plaintiff respectfully moves to unseal those documents that were filed under seal (ECFs 2, 3, 10, 12, and 20). Further, the Plaintiff respectfully asks that the Clerk be directed to amend the caption to reflect the Parties true names:

**Namely**:     Defendant Rane Roe shall be amended to: "**JIA SHANGYANG**"

Defendant ABC Corp 1 shall be amended to:

"**GUANGZHOU KANGZHIYUAN HUANBAO KEJI YOUXIAN GONGSI**"

Defendant ABC Corp 2 shall be amended to: "**QZEUOUCU STORE**"

Defendant Sane Soe shall be amended to: "**WEILI DENG**"

## II. The Court Should Convert the TRO into a Preliminary Injunction, now on Notice to the Defendants

In the Northern District, Courts hold that: "The standards for issuing temporary restraining orders are identical to the standards for preliminary injunctions." *Long v. Bd. of Educ.*, 167 F. Supp. 2d 988, 990 (N.D. Ill. 2001) *Accord McDonald v. Cook Cty. Officers' Electoral Bd.*, No. 18 C 1277, 2018 U.S. Dist. LEXIS 42503, at *8 n.6 (N.D. Ill. Mar. 15, 2018)(favorably citing the "identical standards" rule of *Long*). This Court has always highlighted that in assessing a Motion for a Preliminary Injunction, the court "employs a sliding scale approach: the more likely the plaintiff is to win, the less heavily need the balance of harms weigh in his favor; the less likely he is to win, the more need it weigh in his favor." *Data Mgmt. Ass'n Int'l v. Enter. Warehousing Sols.,* Case No. 20-cv-4711, 2020 U.S. Dist. LEXIS 242699 (N.D. Ill. Dec. 28, 2020) *quoting Valencia v. City of Springfield, Illinois*, 883 F.3d 959, 966 (7th Cir. 2018).

### a. Plaintiff is Likely to Succeed on the Merits

As described in the moving papers on the Motion for a TRO (and accepted by the Court in imposing the TRO) to prevail on a trademark claim the Plaintiff, "must establish that 1) [their] mark is protectable, and 2) [Defendants'] use of [Plaintiff's mark] is likely to cause confusion among consumers." *Easton v. Primal Wear, Inc.*, No. 17-cv-06081, 2019 U.S. Dist. LEXIS 53907, at *7 (N.D. Ill. Mar. 29, 2019).

Plaintiff owns the QZEUOUCU Mark.

The Plaintiff applied for and in early 2024 was granted Registration of the Mark, as alleged in the Complaint and shown on the public docket with the USPTO.

The Defendants do not own the Mark. The Defendants filed a bogus "Assignment" but it is plain that the Assignment was fraudulent on its face for the reasons alleged in the

Complaint.  Since the reclamation of the Mark from the Defendants, the Defendants have not tried their "trick" again and therefore the public USPTO docket currently shows that the Plaintiff is the owner of the Mark.

The Defendants' use of the Mark could not be more blatant as shown in Exhibit C of the Complaint and can be reviewed online and below.  Therefore the "sliding scale" strongly tips in favor of imposing the proposed Preliminary Injunction.



Exhibit C to the Complaint showing Defendant's Amazon Store.  Available online at
https://www.amazon.com/stores/page/045C5F92-9F14-48EF-A22D-AA69BEFCD8CB

For these reasons, the Plaintiff respectfully submits that they have a reasonable likelihood to win on the merits and the TRO should be converted to a Preliminary Injunction.

**b.      Irreparable Harm is Generally Presumed
         in Trademark Infringement Cases**

As this Court noted:

> "[I]rreparable harm 'is generally presumed in cases of trademark infringement.' *Eli Lilly & Co. v. Nat. Answers, Inc.*, 233 F.3d 456, 469 (7th Cir. 2000). The Seventh Circuit has repeatedly recognized that the 'most corrosive and irreparable harm' attributable to trademark infringement 'is the inability of the [trademark holder] to control the nature and quality of the defendants' goods'; this type of 'damage to a trademark holder's goodwill' leaves a trademark owner, like DAMA-I, with no adequate legal remedy."

*Data Mgmt.* 2020 U.S. Dist. LEXIS 242699, at *12, *citing Re/Max N. Cent., Inc. v. Cook*, 272 F.3d 424, 432 (7th Cir. 2001); *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 16 (7th Cir. 1992).

That is especially true in this case where the use of the Defendant's Mark is not subtle, accidental or incidental. As can be seen in the excerpt from Exhibit C, the Mark is being used as the memorable name of the Amazon storefront created by the Defendants. It is a very bold, strong and unusual Mark. And the Defendants are exploiting the popularity of China-based neon signage to exploit the Plaintiff's Mark.

For these reasons the Plaintiff respectfully submits that there is irreparable harm to the Plaintiff by the Defendants' continued misuse of the Plaintiff's Mark.

### c. The Balance of Equities Tips in Favor of Plaintiff and a Preliminary Injunction Serves the Public Interest

The balance of equities clearly tips in favor of the Plaintiff.

As shown in the Complaint and the public record, this case does not involve the inadvertent or subtle exploitation of the Plaintiff's intellectual property. Rather, the Defendant has shown a willingness to act with very unclean hands by trying to steal away the IP in a formal manner by filing the bogus Assignment with the USPTO.

In addition, the use of the Mark is blatant and explicitly intended to take advantage of the Plaintiff's mark on a viral product. Imposing a Preliminary Injunction would not implicate "serious First Amendment concerns because it can intervene with truthful communications between buyers and sellers." *See Data Mgmt.*, 2020 U.S. Dist. LEXIS 242699, at *17 *citing Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171, 1175 (9th Cir. 2010).

Further it serves the public interest to enforce Trademark laws, and not *reward* overseas fraudsters from stealing away the Intellectual Property recognized by the USPTO.

Since the Plaintiff has established all the necessary elements for the entry of a Temporary Restraining Order, the Plaintiff submits that the Preliminary Injunction should enter.

### d. The Bond Should Remain at $1,000.00

The Plaintiff respectfully submits that consistent with this Honorable Court's practice of imposing a $1,000.00 bond with respect to each China-based Defendant in Trademark Infringement cases, *See, e.g.*, SURETY BOND ECF 34 in *Sony Interactive Entertainment LLC v. The P'ships & Unincorporated Assns. Identified on Schedule A*, Case No. 1:25-cv-4482 (N.D.Ill. May 6, 2025)(docketing $64,000.00 bond for case against 64 China-based trademark infringement Defendants); SURETY BOND ECF 32 in *Mob Entertainment, Inc. v. The P'ships & Unincorporated*

*Assns. Identified on Schedule A*, Case No. 1:25-cv-3881 (N.D.Ill. May 2, 2025)($55,000.00 bond

for 55 Defendants); Surety Bond ECF 35 in *Nike, Inc. v. The P'ships & Unincorporated Assns.*

*Identified on Schedule A*, Case No. 1:25-cv-3356 (N.D.Ill. April 15, 2025)($56,000.00 bond for

56 Defendants).

  The Plaintiff respectfully submits that the bond should remain at $1,000.00 with

respect to the only Defendant – a single Amazon store – that would be impacted by this proposed

injunction.


  **III. The Terms for the Proposed**
    **Preliminary Injunction are Appropriate**

  The Plaintiff respectfully requests a restraint on the Defendant Store's assets in

order to preserve an equitable accounting of the Defendants' profits from sales using the infringing

Mark is not impaired.  We have modeled the Order on the one issued by this Honorable Court in

Sealed Temporary Restraining Order ECF 27 in *Toyota Motor Sales, U.S.A., Inc. v. The*

*P'ships & Unincorporated Assns. Identified on Schedule "A"*, Case No. 25-cv-02616 (N.D.Ill.

March 25, 2025).

  The need for an injunction here is true more than in typical cases because the

Defendants in this case have demonstrated an *unusual* sophistication in their use of the USPTO

system to "Assign" the Mark to themselves and the Defendants Unauthorized Product sales is not

impaired.  Without an order to prohibit Defendant (and Amazon from allowing the Defendant) to

escheat the funds with Amazon to China or to another U.S. account that cannot be tracked, the

Defendants will be able to profit from their infringement in a manner that cannot be recovered.

  To limit the impact of such an imposition, the Plaintiff also respectfully seeks an

Order allowing for expedited discovery so the amount of sales using the infringing Mark can be

quickly identified and, as necessary, the Plaintiff can move forward with a Default Judgment or Motion for Summary Judgment. In addition, the Defendants have been notified of this Motion for a Preliminary Injunction by e-mail to all of their known e-mail addresses and they will have more than a fair opportunity to challenge its imposition once imposed.

**E.**     **Conclusion**

For these reasons, we respectfully submit that this Honorable Court should issue a Temporary Restraining Order as proposed in the accompanying Proposed Order.

DATED:      **JULY 11, 2025**

RESPECTFULLY SUBMITTED,

By:

Baruch S. Gottesman, Esq.
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
Phone: (212) 401-6910
bg@gottesmanlegal.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2025, simultaneous with the filing of this Submission, a copy of this submission was served on the Docket using the CM/ECF system and a courtesy copy to the e-mail of Defendants **JIA SHANGYANG**; **KANGZHIYUAN**; **QZEUOUCU STORE** at jiashangyang123@outlook.com (e-mail provided by Amazon for Kangzhiyuan and Qzeuoucu in production) and 18003023230@163.com and 756024579@qq.com (listed by Defendants Jia Shangyang as their e-mails in the purported Assignment); as well as 826176885@qq.com 1443805121@qq.com (listed by Mr. Deng in USPTO applications).

RESPECTFULLY SUBMITTED,

By:

Baruch S. Gottesman, Esq.