IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **QUIJU CHEN,**<br><br>Plaintiff,<br><br>~ *against* ~<br><br>**JIA SHANGYANG**;<br>**KANGZHIYUAN**;<br>**QZEUOUCU STORE**;<br>**WEILI DENG**; *and*<br>**JOHN DOES 1 – 10**,<br><br>Defendants, | Case No.: <u>1:25-cv-06611</u><br><br>**District Judge:**<br>The Honorable John J. Tharp, Jr.<br><br>**Magistrate Judge:**<br>The Honorable Daniel P. McLaughlin |

*[PROPOSED]*
**PRELIMINARY INJUNCTION ON NOTICE TO DEFENDANTS**

Plaintiff QUIJU CHEN filed a Motion to Unseal, to Amend the Caption to reflect the Parties' true names and for a Preliminary Injunction (including a Temporary Asset Restraint and Expedited Discovery) (the "Motion") against the JIA SHANGYANG; GUANGZHOU KANGZHIYUAN HUANBAO KEJI YOUXIAN GONGSI; QZEUOUCU STORE; WEILI DENG (collectively "Defendants") from operating the store known as "QZEUOUCU" accessible online at https://www.amazon.com/stores/page/045C5F92-9F14-48EF-A22D-AA69BEFCD8CB.

After a review of the Moving Papers, the Complaint and the public record that it incorporates, and the full record of the claim, the Court GRANTS the Movant's Motion *[in part]* as follows:

This Court finds on Notice to the Defendants with an opportunity to be heard that Plaintiff CHEN has provided a basis to conclude that Defendants have sold products through a

1

store that infringes the Plaintiff's Mark "QZEUOUCU", Registered by the USPTO under Registration No. 7278415.

This Court also finds that Notice to the e-mails: jiashangyang123@outlook.com (the e-mail provided by Amazon for Kangzhiyuan and Qzeuoucu in production) and 18003023230@163.com and 756024579@qq.com (the e-mails listing by Shangyang in the purported Assignment) and 826176885@qq.com and 1443805121@qq.com (listed by Mr. Deng in USPTO applications) shall be deemed sufficient Notice of this Preliminary Injunction.

On this basis, the Court Orders as follows:

1. The Clerk of the Court is ordered to UNSEAL filings ECFs 2, 3, 10, 12, and 20 on the docket of this case.

2. The Clerk of the Court is ordered to Amend the Caption as follows:

    (i.) Plaintiff John Doe shall be amended to: "**QUIJU CHEN**"

    (ii.) Defendant Rane Roe shall be amended to: "**JIA SHANGYANG**";

    (iii.) Defendant ABC Corp 1 shall be amended to: "**GUANGZHOU KANGZHIYUAN HUANBAO KEJI YOUXIAN GONGSI**";

    (iv.) Defendant ABC Corp 2 shall be amended to: "**QZEUOUCU STORE**";

    (v.) Defendant Sane Soe shall be amended to: "**WEILI DENG**".

3. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminary enjoined and restrained under further Order of this Court from:

    a. Using the "QZEUOUCU" Mark, or any confusingly similar mark in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that includes: (i.) Electronic advertisement boards featuring a neon lamp; (ii.) Neon signs; and (iii.) Ring lights for use in photography;

b.  Passing off, inducing, or enabling others to sell or pass off any product as a product sold by or produced by Plaintiff that is not produced under the authorization, control, or supervision of Plaintiff and approved by the Plaintiff for sale under "QZEUOUCU" Mark;

    c.  Committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

    d.  Manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear the "QZEUOUCU" Mark, or any confusingly similar mark.

4. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminary enjoined and restrained under further Order of this Court from transferring or disposing of any money or other assets of Defendants in any of Defendants' financial accounts.

5. The Plaintiff Chen is authorized to issue expedited written discovery to Defendants by e-mail, pursuant to Federal Rules of Civil Procedure 33, 34, and 36, related to:

    a.  The identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

    b.  The nature of Defendants' operations and all associated sales, methods of payment for goods and services, and financial information, including, without limitation, identifying information associated with the Amazon QZEUOUCU store and Defendants' financial accounts and Defendants' sales and listing history related to the QZEUOUCU Store;

    c.  Any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors, or other financial institutions, including, without

limitation, PayPal, Inc. ("PayPal"), Alipay, ContextLogic Inc. d/b/a Wish.com ("Wish.com"), Alibaba Group Holding Ltd. ("Alibaba"), Ant Financial Services Group ("Ant Financial"), Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

6. Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with the QZEUOUCU Store, including, without limitation, any online marketplace platforms such as eBay, Inc., AliExpress, Alibaba, Amazon.com, Inc., Wish.com, and DHGate (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Plaintiff expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

   a. The identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated contact information, mailing address(es) and e-mail address(es);

   b. The nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the QZEUOUCU Store, and Defendants' financial accounts and Defendants' sales and listing history related to QZEUOUCU Store; and

   c. Any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Alipay, Wish.com, Alibaba, Ant Financial, Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

7. Upon Plaintiff's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 4, shall within seven (7) calendar days after

receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the "QZEUOUCU" Mark.

8. Any Third Party Providers, including PayPal, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, shall, within seven (7) calendar days of receipt of this Order:

   a. Locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the QZEUOUCU Store, and any e-mail addresses provided for Defendants by third parties; and

   b. Restrain and enjoin any such accounts or funds from transferring or disposing of any money or other assets of the Defendants until further order by this Court.

9. The TRO Bond of one thousand United States dollars ($1,000.00) previously submitted in this matter shall be deemed sufficient bond for this mater.

10. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

11. This Preliminary Injunction entered at __:___ __.M. on this ___th day of _____, 2025 and shall remain in effect until further Order of this Court.

DATED: _____

_____
**John J. Tharp, Jr.**
United States District Judge *of the*

United States District Court *for the*
Northern District of Illinois