UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| QUIJU CHEN,<br><br>Plaintiff,<br><br>v.<br><br>JIA SHANGYANG;<br>KANGZHIYUAN;<br>QZEUOUCU STORE;<br>WEILI DENG; and<br>JOHN DOES 1 – 10,<br><br>Defendants.<br>_____/ | Case No. 1:25-cv-06611<br>Judge: The Honorable John J. Tharp, Jr.<br>Magistrate Judge: The Honorable Daniel P. McLaughlin |

## **DEFENDANT KANGZHIYUAN'S REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendant Kangzhiyuan ("Defendant"), by and through undersigned counsel, respectfully submits this Reply in support of its Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff's Opposition [Dkt. 42] fails to cure the Complaint's deficiencies, relying on the same conclusory allegations without addressing the lack of factual specificity. For the reasons below, the Motion should be granted, and the Complaint dismissed with prejudice.

### I. INTRODUCTION

Plaintiff's Opposition restates the Complaint's threadbare allegations but does not explain how they meet *Twombly/Iqbal* standards. It concedes the pleading requirements yet argues the Complaint "plausibly alleges" claims without pointing to specific facts beyond exhibits, which

cannot substitute for well-pleaded allegations. The Complaint's group pleading and legal conclusions deny Defendant fair notice, warranting dismissal.

## II. ARGUMENT

**A. The Opposition Confirms the Complaint Lacks Plausibility Under Rule 12(b)(6).**

Plaintiff cites the correct standard—plausibility requires more than labels or conclusions, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), but fails to apply it. The Opposition claims ownership (Compl. ¶ 36, Ex. A), fraudulent assignment (¶¶ 42-48, Ex. E), reclamation (¶¶ 46-47, Ex. G), and infringement (¶¶ 49-58, 59-70), but these are conclusory. No facts detail Defendant's specific acts: what products infringe, how use causes confusion, or dates/locations of sales. Exhibits (e.g., USPTO records) are incorporated but do not plead facts; courts disregard contradictions or vague attachments. *See Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013).

Plaintiff's "bogus assignment" focus (Opp. at 3) is irrelevant to infringement claims. Under the Lanham Act, only the trademark owner (or "registrant" for registered marks under 15 U.S.C. § 1114) generally has standing to bring a federal lawsuit for trademark infringement. Assignees are included in the definition of "registrant" (15 U.S.C. § 1127). However, as shown on the website of United States Patent and Trademark Office, the current owner is Shangyang Jia, not Plaintiff.

| ▼ Current Owner(s) Information | |
|---|---|
| Owner Name: | JIA, SHANGYANG |
| Owner Address: | NO. 355 SHANGQINTUN, SHANBEI VILLAGE SHANBEI TOWNSHIP, QINTANG DISTRICT GUIGANG GUANGXI CHINA 537000 |
| Legal Entity Type: INDIVIDUAL | Citizenship: CHINA |

**B. Group Pleading Fails to Provide Fair Notice**

The Opposition ignores group pleading. Allegations lump "Defendants" or "Infringing Defendants" without distinguishing Kangzhiyuan's conduct. *See* Compl. ¶¶ 3, 49-58. This violates Rule 8(a), denying fair notice. *Brooks v. Ross*, 578 F.3d 574, 582 (7th Cir. 2009). Plaintiff claims specificity via exhibits (Opp. at 3-4), but Ex. B (Amazon store info) and Ex. C (listings) do not plead how Kangzhiyuan infringes—e.g., no comparison to Plaintiff's goods or confusion evidence.

**C. Unfair Competition Claim Fails for the Same Reasons**

As Plaintiff admits, Illinois unfair competition mirrors Lanham Act claims. Opp. at 3. Without plausible federal claims, the state claim fails.

### III. CONCLUSION

The Opposition fails to show plausibility. The Court should grant the Motion and dismiss the Complaint with prejudice.

Dated: September 15, 2025

Respectfully submitted,

/s/ Jianyin Liu

Jianyin Liu, Esq.
Florida Bar No. 1007675
jamesliulaw@gmail.com
The Law Offices of James Liu PLLC
15750 SW 92nd Ave Unit 20C

        Palmetto Bay, FL 33157
        Telephone: (305) 209-6188
        Counsel for Defendant kangzhiyuan

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on September 10, 2025, a true and correct copy of the foregoing was served via CM/ECF on all counsel of record.

        /s/ Jianyin Liu
        Jianyin Liu, Esq.