IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| QUIJU CHEN, | Case No.: 1:25-cv-06611 |
| Plaintiff, | |
| v. | District Judge: The Honorable John J. Tharp, Jr. |
| JIA SHANGYANG; KANGZHIYUAN; QZEUOUCU STORE; WEILI DENG; and JOHN DOES 1 – 10, | Magistrate Judge: The Honorable Daniel P. McLaughlin |
| Defendants. | |

_____/

**DEFENDANTS KANGZHIYUAN, QZEUOUCU STORE, AND JIA SHANGYANG'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR <u>DEFAULT JUDGMENT</u>**

Defendants Kangzhiyuan, Qzeuoucu Store, and Jia Shangyang (collectively, "Opposing Defendants"), by and through undersigned counsel, respectfully submit this Memorandum in opposition to Plaintiff's Motion for Default Judgment [Dkt. 43] against Qzeuoucu Store and Jia Shangyang. For the reasons set forth below, the Motion should be denied in its entirety, any entry of default against Qzeuoucu Store or Jia Shangyang should be vacated, and the claims against Qzeuoucu Store should be dismissed as duplicative.

**I. INTRODUCTION**

Plaintiff seeks default judgment against Qzeuoucu Store and Jia Shangyang, alleging they failed to appear or respond. However, this overlooks that Qzeuoucu Store is merely an alias for Defendant Kangzhiyuan's Amazon storefront, and Jia Shangyang is the individual owner/

operator of that storefront. Kangzhiyuan timely appeared by filing a Motion to Dismiss [Dkt. 39] on August 22, 2025, providing fair notice of defense and preventing default. See Fed. R. Civ. P. 55(a) (default only for failure to plead or otherwise defend).

Opposing Defendants did not become aware until today (September 16, 2025) that Plaintiff had separately named Jia Shangyang as a defendant, despite him being the same person associated with the Kangzhiyuan/Qzeuoucu Store entity. Naming Qzeuoucu Store separately is unnecessary and duplicative, as it is not a distinct legal entity but an operational alias. Granting default would be improper and prejudicial, as Opposing Defendants have actively defended and merit resolution on the merits. The Court should deny the Motion, vacate any default, and dismiss claims against Qzeuoucu Store under Fed. R. Civ. P. 21 as misjoined or duplicative.

## II. STATEMENT OF FACTS

Plaintiff's Complaint [Dkt. 10] alleges trademark squatting on U.S. Trademark Reg. No. 7,278,415 for "Qzeuoucu," claiming a fraudulent assignment from Plaintiff to Defendants and unauthorized exploitation via Amazon sales. (Compl. ¶¶ 2-3, 42-48.) The Complaint names "Qzeuoucu Store" and "Jia Shangyang" as separate defendants, but provides no distinct allegations against them beyond group pleading. (Id. ¶¶ 3, 49-70.)

In reality, "Qzeuoucu Store" is not a separate entity but an alias or storefront name used by Kangzhiyuan on Amazon, owned and operated by Jia Shangyang. (See Compl. Ex. B (Amazon store info listing "kangzhiyuan" with associated products); Ex. C (listings under similar branding).) Jia Shangyang is the individual behind Kangzhiyuan, handling operations for the storefront. Opposing Defendants were unaware until today that Plaintiff intended to sue Jia Shangyang personally and separately, as service and pleadings treated the entities

interchangeably. Kangzhiyuan timely filed its Motion to Dismiss on August 22, 2025 [Dkt. 39], contesting the claims on 12(b)(6) grounds, which constitutes an appearance and defense for the unified entity. No separate appearance was made for Qzeuoucu Store or Jia Shangyang because they are not distinct from Kangzhiyuan.

**III. ARGUMENT**

**A. Default Judgment Is Inappropriate Because Opposing Defendants Have Appeared and Defended**

Entry of default under Rule 55(a) requires a party's failure "to plead or otherwise defend." Fed. R. Civ. P. 55(a). Default judgment under Rule 55(b) is discretionary and disfavored, especially where a defendant has appeared. See Sun v. Bd. of Trs. of Univ. of Ill., 473 F.3d 799, 811 (7th Cir. 2007) (defaults are "drastic" and should be used sparingly). Courts prefer merits resolutions and liberally vacate defaults for good cause, considering quick action to correct, meritorious defenses, and prejudice. *See Cracco v. Vitran Exp., Inc*., 559 F.3d 625, 631 (7th Cir. 2009); Fed. R. Civ. P. 55(c).

Here, Kangzhiyuan appeared and defended by filing its Motion to Dismiss [Dkt. 39], which directly challenges the Complaint's sufficiency. Because Qzeuoucu Store is Kangzhiyuan's alias and Jia Shangyang is its owner, this appearance covers all Opposing Defendants. Plaintiff did not sue Jia Shangyang by piercing corporate veil. *See* the Complaint, ECF No. 10.

Opposing Defendants acted promptly upon learning today of the separate naming of Jia Shangyang. There is no prejudice to Plaintiff, as the case is early-stage, and Opposing Defendants have a meritorious defense (see Dkt. 39: no plausible infringement facts). Default would be unjust; the Motion should be denied, and any default vacated.

### B. Qzeuoucu Store Is a Duplicative Defendant and Should Be Dismissed

Under Fed. R. Civ. P. 21, the Court may "at any time, on just terms, add or drop a party" to remedy misjoinder or duplication. Dismissal of duplicative parties prevents confusion and inefficiency.

Qzeuoucu Store is not a separate legal entity but an alias for Kangzhiyuan's Amazon storefront. Naming it separately is redundant, as claims against it are identical to those against Kangzhiyuan. Jia Shangyang, as owner, is already represented through Kangzhiyuan's appearance. Plaintiff provides no basis for distinct treatment, relying on group pleading. Retaining Qzeuoucu Store invites inconsistent rulings and wastes resources. The Court should drop Qzeuoucu Store as a party.

### C. Plaintiff Cannot Show Entitlement to Default Judgment on the Merits

Even if default were entered, judgment requires Plaintiff to prove entitlement to relief. See Fed. R. Civ. P. 55(b). As argued in the Motion to Dismiss [Dkt. 39], the Complaint fails under *Twombly/Iqbal:* conclusory allegations without specific facts on infringement, confusion, or Defendant's acts. (Id. at 2-3.) Group pleading denies fair notice. Id. Plaintiff's Opposition [Dkt. 42] did not cure these defects. Default judgment would be improper absent a plausible claim. In fact, the true owner currently indicated on United States Patent and Trademark for the mark at issue is Jia Shangyang himself. Thus, Plaintiff failed to state a plausible claim against Jia Shangyang.

## IV. CONCLUSION

For the foregoing reasons, Opposing Defendants respectfully request that the Court deny Plaintiff's Motion for Default Judgment [Dkt. 43], vacate any entry of default against Qzeuoucu Store or Jia Shangyang, dismiss Qzeuoucu Store as a duplicative party, and grant such other relief as the Court deems just and proper.

Dated: September 16, 2025

                                        Respectfully submitted,

                                        /s/ Jianyin Liu

                                        Jianyin Liu, Esq.
                                        Florida Bar No. 1007675
                                        jamesliulaw@gmail.com
                                        The Law Offices of James Liu PLLC
                                        15750 SW 92nd Ave Unit 20C
                                        Palmetto Bay, FL 33157
                                        Telephone: (305) 209-6188

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 10, 2025, a true and correct copy of the foregoing was served via CM/ECF on all counsel of record.

                                        /s/ Jianyin Liu
                                        Jianyin Liu, Esq.