**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **QUIJU CHEN,**<br><br>Plaintiff,<br><br>~ *against* ~<br><br>**JIA SHANGYANG**;<br>**KANGZHIYUAN**;<br>**QZEUOUCU STORE**;<br>**WEILI DENG**; *and*<br>**JOHN DOES 1 – 10**,<br><br>Defendants, | Case No.: **1:25-cv-06611**<br><br><br>**District Judge:**<br>The Honorable John J. Tharp, Jr.<br><br><br>**Magistrate Judge:**<br>The Honorable Daniel P. McLaughlin |

**MEMORANDUM OF LAW** *by*
**PLAINTIFF CHEN'S** *in Opposition to*
**DEFENDANT KANGZHIYUAN'S MOTION TO VACATE**

By:  Baruch S. Gottesman, Esq.
Gottesman Legal PLLC
11 Broadway, Suite 615
New York, NY 10004
*Counsel for Plaintiff*

i

A       **<u>Table of Contents</u>**

**B.**   **Table of Authorities** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

**C.**   **Introduction** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**D.**   **Factual Background** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**E.**   **Argument**: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    I.    Moving Defendant's Burden is to Show that
       the Expected Cost of Dissolving the Injunction is Less
       than the Expected Cost of not Dissolving
       the Injunction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    II.    Moving Defendant
       has Not Met Their Burdens . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    III.    Moving Defendant Comes with Unclean Hands . . . . . . . . . . . . . . . . . . 6

    IV.    Dissolving the Preliminary Injunction
       is Academic . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**F.**   **Conclusion** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**B.**     **Table of Authorities**

# TABLE OF AUTHORITIES

**Cases**

*Antsy Labs, LLC v. The Individuals, Corps., LLCs, P'shps, & Unincorporated Assn's Identified on Schedule A Hereto, Case*,
      No. 1:21-cv-3289, 2022 U.S. Dist. LEXIS 212406 (N.D.Ill. Nov. 13, 2022) ...................... 4

*Centurion Reinsurance Co. v. Singer*,
      810 F.2d 140 (7th Cir. 1987) ................................................................................. 4

*JH v. P'ships & Unincorporated Ass'ns Identified on Schedule 'A', Case* -,
      7758, 2025 WL 1262503 (N.D. Ill. 2025) ........................................................... 4

*Milwaukee Elec. Tool Corp. v. Individuals, Corps., Ltd. Liab. Cos., P'ships & Unincorporated Ass'ns Identified on Schedule "A", Case* -,
      12487, 2025 U.S. Dist. LEXIS 112902 (N.D. Ill. June 13, 2025) ........................................ 4

**Other Authorities**

Civil Code of the Republic of China at
      http://en.npc.gov.cn.cdurl.cn/pdf/civilcodeofthepeoplesrepublicofchina.pdf........................ 3

## C.     <u>Introduction</u>

One of the Defendants moves to dissolve the TRO with an argument that, notwithstanding the documentary record that the Plaintiff applied for and registered the Mark with the United States Patent and Trademark Office, *secretly* the Mark has been owned by the Defendant this whole time. On that basis, the Defendant argues that the Plaintiff is "not likely to win" and therefore the Preliminary Injunction should be resolved so that the Moving Defendant can continue their infringement.

Nonsense.

The undisputed and undisputable documentary and testamentary evidence shows that the Plaintiff has always owned the Mark. Further, even if the Moving Defendant owned the Mark (they don't), by filing the blatantly fraudulent Assignment with the U.S.P.T.O. they forfeited any right to approach this court for equitable and discretionary relief with such unclean hands. Last, even if the Defendant owned the Mark (they don't) and even if the Court were inclined to grant the vacatur of the Preliminary Injunction with respect to the Moving Defendant (it shouldn't), dissolving the Preliminary Injunction with respect to the Moving Defendant would not impact the freeze that should be in place because other non-moving parties who own and manage the infringing Amazon store remain subject to the Preliminary Injunction.

For these reasons and as more fully argued below and explained in the accompanying Affidavit in Support, the Honorable Court should deny the Motion by kangzhiyuan to dissolve or otherwise modify the Preliminary Injunction.

### D.     <u>Factual Background</u>

This information is based on the allegations in the Complaint and on the Affidavit by the Plaintiff submitted together with this Memorandum.  I should note, that the Plaintiff's Affidavit focused on the *documented* chain of ownership of the Mark and what happened.  Unlike the Moving Defendant's Affidavit in Support, it is not simply a recital of a self-serving narrative that is unsupported by any evidence and contradicted by the Record.

In December 2022, the Plaintiff individually, personally and out of their own pocket registered the trademark "QZEUOUCU" with the United States Patent and Trademark Office, Chen Aff. at ¶ 19 and Exh. D; Affidavit in Support of the TRO at Exhibit A (ECF 18-1) showing that the application for registration of the Mark in Plaintiff's name.  The  Plaintiff's ownership of the Mark when it was applied for and granted is further evidenced by the Plaintiff's personal payment for the registration, *See* Chen Aff. at Exhibit C.  The Mark was duly registered in the name of the Plaintiff, *See* Aff. in Support at Exh. B (ECF 18-2).

For a short period, the Plaintiff cooperated with the Defendant.

When that terminated, the Moving Defendant and the Plaintiff went their separate ways.  The Parties agreed that going forward the Amazon store would belong to and be run by Jia Shangyang, but the Plaintiff never authorized use of the "QZEUOUCU" Mark by Jia Shangyang and certainly never transferred ownership of the Mark.

The Defendant makes self-serving claims about "agreements" and "understandings" but notably – assuming the Moving Defendant's affidavit is admissible – fails to introduce any evidence that there was any transfer of the Mark from the Plaintiff to the Moving Defendant.

But it goes further!  As alleged in the Complaint and plain on the face of the bogus Assignment, the Defendant got around this fact by fabricating an "Assignment" which:

"(i.)    In the preamble, the Assignment purports to identify the Assignee as "Jia, Shangyang" but in the text of the Assignment identifies the Assignee as "Li Peng".

"(ii.)    The reference to Li Peng as the Assignee is, upon information and belief, because the supposed "Assignment" is a knock-off and/or manipulated version of a completely separate Assignment of "Kaiagerbe Natural Gene" (USPTO Registration No. 7258344). The Kairgerbe Assignment was also purportedly submitted by Weili Deng. And at least the Kairgerbe Assignment has the benefit of identifying Peng Li as the correct Assignee. A copy of the Kairgerbe Assignment, with the purported Passport No. redacted, is annexed as Exhibit F.

"(iii.)    The Agreement uses incorrect language, referring at one point to the Assignee's right "to hold unto the Assignment absolutely" and otherwise contains grammatical and other errors that seem to imply it was never reviewed or intended as a legally binding agreement.

"(iv.)    The purported 'Assignment' between two China-based parties, in China, about a Chinese Mark, that sells products from China was made inconsistent with the Civil Code of the People's Republic of China adopted as of 2020, See CIVIL CODE OF THE PEOPLE'S REPUBLIC OF CHINA, Chapter XX (Technology Contracts), Arts. 862, et seq. (3d Session of 13th Nat'l People's Cong. May 28, 2020), available online from the National People's Congress of the People's Republic of China at http://en.npc.gov.cn.cdurl.cn/pdf/civilcodeofthepeoplesrepublicofchina.pdf (last checked June 15, 2025)."

Complaint at ¶ 44 (ECF 10).

A bona fide owner of the Mark would not need to file such fraudulent paperwork. The Plaintiff has since submitted paperwork to reclaim ownership of the Mark and filed this lawsuit (which among other things seeks to correct the USPTO record).

The Defendants elected to not oppose the Motion for a Preliminary Injunction, but one of the Defendants has now moved to Dissolve the Preliminary Injunction (ECF 41).

E.     **Argument**

    I.     **Moving Defendant's Burden is to Show that
the Expected Cost of Dissolving the Injunction is Less
than the Expected Cost of not Dissolving the Injunction**

My colleague cites a decision by the Honorable District Judge Rebecca R. Pallmeyer for the notion that in the Seventh Circuit, the issue on a Motion to Dissolve a Preliminary Injunction is whether:

> "the expected cost of dissolving the injunction—considering the probability that dissolution would be erroneous because the plaintiff really is entitled to injunctive relief, and the consequences of such an error—[is] greater or less than the expected cost of not dissolving the injunction."

*Antsy Labs, LLC v. The Individuals, Corps., LLCs, P'shps, & Unincorporated Assn's Identified on Schedule A Hereto*, Case No. 1:21-cv-3289, 2022 U.S. Dist. LEXIS 212406 (N.D.Ill. Nov. 13, 2022)(Pallmayer, J.)(unpublished) quoting Judge Posner's landmark decision in *Centurion Reinsurance Co. v. Singer*, 810 F.2d 140, 143 (7th Cir. 1987)).

Of note, because the Preliminary Injunction was issued on notice – and not an on *ex parte* basis – it is not the Plaintiff's burden to re-establish the basis for the Preliminary Injunction.   Rather it is *the Moving Defendant's burden* to make out Judge Posner's cost assessment, *See Milwaukee Elec. Tool Corp. v. Individuals, Corps., Ltd. Liab. Cos., P'shps & Unincorporated Ass'ns Identified on Schedule "A"*, Case No. 24-cv-12487, 2025 U.S. Dist. LEXIS 112902, at *4-5 (N.D. Ill. June 13, 2025)(Kocoras, J.) (confirming that on a Motion to Dissolve, the Plaintiff only has burden to re-establish the basis for Injunction if the relevant injunction was issued *ex parte*) *citing JH v. P'ships & Unincorporated Ass'ns Identified on Schedule 'A'*, Case No. 24-cv-7758, 2025 WL 1262503, at *4 (N.D. Ill. 2025)(Ellis, J.).

Of course, we do respectfully incorporate by reference in full the substantive arguments made in support of the TRO and Preliminary Injunction, *See* ECFs 18 and 27.

## II.     Moving Defendant has Not Met Their Burden

The sole substantive argument by the Moving Defendant is provided in two short paragraphs that merely repeat the Moving Defendant's unsupported allegations and argue that "all [the Plaintiff's] allegations in the Complaint are fraudulent and false, which subject [the Plaintiff] to sanction by this Court." Memo. in Support at p. 4 (ECF 41).

But as shown in the accompanying Affidavit by the Plaintiff and the record in this case, nothing done here by the Plaintiff has been "fraudulent and false", let alone sanctionable.  To the contrary, the public record available in this case shows that the Moving Defendant *did not* and *does not* own the Mark.

Further, the Moving Defendant failed to meet their burden to show that the expected cost of dissolving the Injunction is less than the expected cost of not dissolving the Injunction.

Despite quoting Judge Posner on the cost/benefit analysis that applies to the vacatur of injunctions, the Moving Defendant does not even attempt to make any such analysis.  To grapple with this issue, the Moving Defendant simply points to the fraudulent Assignment and the conclusory statement that "the allegation of irreparable harm is false." Memo in Support at p. 4 (ECF 41).

The Moving Defendant introduces no facts and makes no argument about what damage they are or would suffer from the continuation of the injunction, and no consideration of the damage that would be avoided by having the injunction lifted.  They have not met their burden.

## III.     Moving Defendant Comes with Unclean Hands

Assuming for the sake of argument that the Moving Defendant did own the Mark (they don't!), the submission of the fraudulent Assignment to the USPTO – a fact that the Moving Defendant does not even dispute or explain in their Affidavit in Support – means that the Moving Defendant comes to this Court with unclean hands.  Given that with respect to the injunction the Court is sitting in equity, it must consider the full equities of the situation, including the Moving Defendant's attempt to steal out ownership of the Mark through subterfuge and false filings with the USPTO.

## IV.     Dissolving the Preliminary Injunction is Academic

The Complaint named a number of Defendants including Jia Shangyang personally as well as the Corporation Guangzhou Kangzhiyuan Environmental Protection Technology, Co., Ltd..  While those two other Defendants have since appeared in this action, they have not elected to move to dissolve the Preliminary Injunction.

Therefore, as a practical matter, dissolving the Preliminary Injunction with respect to the Moving Defendant is academic because the newly appearing Defendants (who are listed as owners of the Amazon store) will remain subject to the Preliminary Injunction and no change would happen "on the ground".

To the extent that the newly appearing Defendants intend to in the future move to dissolve the preliminary injunction, the Court could then take up the issue.  But until that point, any dissolution of the Preliminary Injunction would remain academic.

## **F.** **Conclusion**

For these reasons, we respectfully submit that this Honorable Court should deny the Motion to Dissolve the Preliminary Injunction.

DATED:        September 22, 2025

RESPECTFULLY SUBMITTED,

By:

Baruch S. Gottesman, Esq.
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
Phone: (212) 401-6910
bg@gottesmanlegal.com
*Counsel for Plaintiff*

7

## **CERTIFICATE OF SERVICE**

       I hereby certify that on September 22, 2025, simultaneous with the filing of this Submission, a copy of this submission was served on the Docket using the CM/ECF system, which will send a copy of the filings to all Counsel of Record.

RESPECTFULLY SUBMITTED,

By: _____

Baruch S. Gottesman, Esq.