# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **QUIJU CHEN,**<br><br>                Plaintiff,<br><br>   *~ against ~*<br><br>**JIA SHANGYANG**;<br>**KANGZHIYUAN**;<br>**QZEUOUCU STORE**;<br>**WEILI DENG**; *and*<br>**JOHN DOES 1 – 10**,<br><br>              Defendants, | **Case No.: 1:25-cv-06611**<br><br><br>**District Judge:**<br>The Honorable John J. Tharp, Jr.<br><br><br>**Magistrate Judge:**<br>The Honorable Daniel P. McLaughlin |

**MEMORANDUM OF LAW** *by*
**PLAINTIFF CHEN'S** *in Opposition to*
**DEFENDANTS SHANGYANG' AND SZEUOUCU STORE'S**
**MOTION TO DISMISS (ECF 54)**

By:    Baruch S. Gottesman, Esq.
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
*Counsel for Plaintiff*

A      **Table of Contents**

**B.**    **Table of Authorities** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

**C.**    **Introduction** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**D.**    **Factual Background** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**E.**    **Argument**: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        I.     Standard on Motion to Dismiss
             the Lanham Act and Unfair Competition Claims
             pursuant to Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        II.    The Complaint Plausibly Alleges Standing. . . . . . . . . . . . . . . . . . . . . . 3

        III.   The Complaint Plausibly Alleges
             A Fraudulent Assignment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        IV.   The Defendants are not Duplicative . . . . . . . . . . . . . . . . . . . . . . . . 8

        V.    THe Complaint Alleges
             Jia Shangyang's Personal Liability . . . . . . . . . . . . . . . . . . . . . . . . . 9

**F.**    **Conclusion** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

### B.    Table of Authorities

**Cases**

*AnchorBank, FSB v. Hofer*,
  649 F.3d 610 (7th Cir. 2011) ............................................................... 7

*Ashcroft*,
  556 U.S. 662 (2009)............................................................................ 3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544; 127 S. Ct. 1955; 167 L. Ed. 2d 929 (2007)................................. 2, 3

*Contrast Allison v. ChexSystems Collection Agency, Inc.*,
  *Case No.* 23-cv-1132, 2023 U.S. Dist. LEXIS 76169 (N.D. Ill. May 2, 2023) .................... 5

*Curry v. Revolution Lab'ys, LLC*,
  949 F.3d 385 (7th Cir. 2020) ............................................................... 3

*Desmond v. Chi. Boxed Been Distribs.*,
  921 F. Supp. 2d 872 (N.D. Ill. 2013) ...................................................... 3

*Eli Lilly & Co. v. Natural Answers, Inc.*,
  233 F.3d 456 (7th Cir. 2000) ............................................................... 3

*Gandhi v. Sitara Cap. Mgmt., LLC*,
  721 F.3d 865 (7th Cir. 2013) ............................................................... 7

*Heard v. Trax Records, Inc.*,
  Case No. 20-cv-03678, 2021 U.S. Dist. LEXIS 135849 (N.D. Ill. July 21, 2021)............... 6

*Hirsch v. L'Oreal USA, Inc.*,
  Case No. 1:22-cv-06569, 2025 U.S. Dist. LEXIS 104617 (N.D. Ill. May 29, 2025)............ 4

*Lavalais v. Vill. of Melrose Park*,
  734 F.3d 629 (7th Cir. 2013) ............................................................... 2

*Lawrence v. Trax Recs., Inc.*,
  Case No. 22-cv-5660, 2025 U.S. Dist. LEXIS 56196 (N.D. Ill. Mar. 26, 2025)................. 2

*Manley v. Boat/U.S., Inc.*,
  75 F. Supp. 3d 848 (N.D. Ill. 2014) ....................................................... 3

*O.T. Pickell Builders, Inc. v. Witowski*
  Case No. 96-cv- 4233, 1998 U.S. Dist. LEXIS 14936 (N.D. Ill. Sept. 16, 1998) ................ 6

*Packman v. Chi. Tribune Co.*,
    267 F.3d 628 (7th Cir. 2001) ............................................................................... 3

*Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Walgreen Co.*,
    631 F.3d 436 (7th Cir. 2011) ............................................................................... 7

*In re Recalled Abbott Infant Formula Prods. Liab. Litig.*,
    97 F.4th 525 (7th Cir. 2024) ............................................................................... 3

*Reid v. Wolf (In re Wolf)*,
    Case No. 18-cv-07952, 2022 U.S. Dist. LEXIS 178801; 644 B.R. 725 (2022) .................. 7

*Silha v. ACT, Inc.*,
    807 F.3d 169 (7th Cir. 2015) ............................................................................... 3

*SoClean, Inc. v. RespLabs Med. USA, Inc.*,
    Case No. 21-cv-03422, 2022 U.S. Dist. LEXIS 127657 (N.D. Ill. July 19, 2022) ................ 2

**Federal Rules**

Fed. R. Civ. P. 8(a) .............................................................................................. 2

Fed. R. Civ. P. 12(b)(1) ......................................................................................... 3

**Other Authorities**

Republic of China at
    http://en.npc.gov.cn.cdurl.cn/pdf/civilcodeofthepeoplesrepublicofchina.pdf ........................ 5

## C.    Introduction

Pursuant to the Honorable Court's order that authorized alternative service via e-mail and publication, all the Defendants were served with the Complaint and all Exhibits on August 1, 2025.  A copy of the e-mail is on the docket at ECF 35-1.

After the Plaintiff moved for a Default Judgment against them, the Moving Defendants (Jia Shangyang and Qzeuoucu Store) appeared and stipulated to the late submission of their initial appearance, which they did by Motion to Dismiss docketed September 18, 2025.

Plaintiff now respectfully opposes the Motion because the Complaint plausibly alleges that the Plaintiff had standing and because the Complaint plausibly alleges a cause of action against each Defendant.[1]


## D.    Factual Background

On January 16, 2024, the USPTO issued the Plaintiff a Trademark Registration for the "QZEUOUCU" Mark in Class 9 for "electronic advertisement boards featuring a neon lamp; Neon signs; Ring lights for use in photography", *See* Complaint at ¶ 35 and Exhibit A of the Complaint.  Driven perhaps by viral clips on social media, there has been a wave of popularity of China-based manufacturers selling neon signage directly to the United States.

Defendants acted on that trend by filing a fraudulent "Assignment" on November 13, 2024, with the USPTO to claim ownership of the Plaintiff's Mark, *See* Complaint at ¶¶ 42-48

---

[1]  The Honorable Court scheduled the Response to be filed by October 6, 2025.  The Undersigned files had noted that the Plaintiff had responded to the "Motion to Dismiss" (being the Motion to Dismiss by the prior-appearing Plaintiff, who claims to be an alter-ego of the Appearing Defendants).  On return to our office after Sukkot and the identification of this open motion, the Plaintiff now respectfully submits this response.  To the extent that the Honorable Court would require a formal Motion for leave *tunc pro tunc* to file this response out of time, we will do so.

and Exhibit E of the Complaint.  The Plaintiff filed papers to reclaim ownership on January 23, 2025 *See* Complaint at ¶ 46 and Exhibit G of the Complaint.

The Plaintiff then filed this suit to stop the infringement and obtain recovery for the damages and ill-gotten earnings by the Defendants on the basis of their infringement and misuse of the USPTO docketing system.  Further, the Plaintiff seeks damages against the filer who purported to file the bogus "assignment" on the USPTO docket, and to enjoin them from further participation in the infringement at issue in this case.

## E.     Argument

### I.     Standard on Motion to Dismiss the Lanham Act and Unfair Competition Claims pursuant to Rule 12(b)(6)

As this Honorable Court catalogued:

> "When reviewing a Rule 12(b)(6) motion, the Court accepts all well-pleaded factual allegations as true after construing the complaint in the light most favorable to the plaintiff. *See Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013).  So construed, the complaint must comply with minimal federal pleading standards, which, for most claims, require a "short and plain statement of the claim showing that the pleader is entitled to relief.' Fed. R. Civ. P. 8(a).  To satisfy Rule 8, a complaint must contain sufficient factual allegations to 'state a claim to relief that is plausible on its face.' *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)."

*Lawrence v. Trax Recs., Inc.*, Case No. 22-cv-5660, 2025 U.S. Dist. LEXIS 56196, at *4 (N.D. Ill. Mar. 26, 2025)(Tharp, *J.*).

And as this Honorable Court has confirmed, in the event of a potential factual dispute, the thumb is on the scale in favor of the Plaintiff, because "[i]n evaluating whether the prima facie standard has been satisfied, the plaintiff 'is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record.' " *SoClean, Inc. v. RespLabs Med. USA,*

*Inc.*, Case No. 21-cv-03422, 2022 U.S. Dist. LEXIS 127657, at *2 (N.D. Ill. July 19, 2022) *quoting*

*Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 393 (7th Cir. 2020).

With respect to the Lanham Act claims, the "plaintiff must establish that (1) her mark is protectable, and (2) the defendant's use of the mark is likely to cause confusion among consumers." *Packman v. Chi. Tribune Co.*, 267 F.3d 628, 638 (7th Cir. 2001) *citing Eli Lilly & Co. v. Natural Answers, Inc.*, 233 F.3d 456, 461 (7th Cir. 2000). The Illinois unfair competition claim is premised on the same general standards, *See, e.g.*, *Manley v. Boat/U.S., Inc.*, 75 F. Supp. 3d 848, 853 (N.D. Ill. 2014)(*quoting Desmond v. Chi. Boxed Been Distribs.*, 921 F.Supp. 2d 872, 884 (N.D. Ill. 2013) for the principle that "[c]laims for unfair competition and deceptive business practices brought under Illinois statutes are to be resolved according to the principles set forth under the Lanham Act." And collecting cases).

The Moving Papers do not challenge that a Lanham Act claim has been alleged.

## II.    The Complaint Plausibly Alleges Standing

This Spring, this Honorable Court laid out the roadmap for assessing Motions to Dismiss for lack of Standing. The Court wrote:

> "To avoid dismissal for lack of standing, a plaintiff 'must meet a pleading burden paralleling the [*Bell Atl. Corp. v.*] *Twombly*[, 550 U.S. 544, 557 (2007)]-[*Ashcroft v.*] *Iqbal*, 556 U.S. 662 (2009)] facial plausibility requirement.' *In re Recalled Abbott Infant Formula Prods. Liab. Litig.*, 97 F.4th 525, 528 (7th Cir. 2024) (quotation marks omitted). Under this standard, 'conclusory statements of wrongdoing' cannot establish standing. *See Silha v. ACT, Inc.*, 807 F.3d 169, 174 (7th Cir. 2015). Instead, the plaintiff must 'allege sufficient factual matter to support the [plausible] inference that standing exists.' *Abbot*, 97 F.4th at 528 (quotation marks omitted). And that is true at each step of the standing inquiry: To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(1),[] the plaintiff must "clearly allege facts demonstrating" injury in fact,

conduct fairly traceable to the defendant, and redressability. *Id.* (cleaned up)."

*Hirsch v. L'Oreal USA, Inc.*, Case No. 1:22-cv-06569, 2025 U.S. Dist. LEXIS 104617, at *5 (N.D. Ill. May 29, 2025).

In this case, the Complaint plausibly alleges that the Plaintiff is the owner of the Mark and suffered damages from the Defendants' infringement.

It is true that the USPTO Docket stated at some point that Shangyang was the owner of the Mark. But that fraudulent assignment is at the heart of this lawsuit! As the Complaint plausibly alleges:

> "42. On or about November 13, 2024, Defendant Deng submitted to the USPTO what they purported to be an Assignment of Trademark from the Plaintiff Defendant Shangyang. In this Complaint, we refer to this bogus document as the "Assignment", sometimes in scare-quotes to avoid any implication that the purported Assignment has any legal meaning or effect.

> "43. A complete true and accurate copy of the purported assignment is annexed as Exhibit E and incorporated in full by reference in this Complaint. The Exhibit has been redacted of a purported Passport number.

> "44. The Assignment was bogus on its face.
> "(i.) In the preamble, the Assignment purports to identify the Assignee as "Jia, Shangyang" but in the text of the Assignment identifies the Assignee as "Li Peng".

> "(ii.) The reference to Li Peng as the Assignee is, upon information and belief, because the supposed "Assignment" is a knock-off and/or manipulated version of a completely separate Assignment of "Kaiagerbe Natural Gene" (USPTO Registration No. 7258344). The Kairgerbe Assignment was also purportedly submitted by Weili Deng. And at least the Kairgerbe Assignment has the benefit of identifying Peng Li as the correct Assignee. A copy of the Kairgerbe Assignment, with the purported Passport No. redacted, is annexed as Exhibit F.

4

"(iii.) The Agreement uses incorrect language, referring at one point to the Assignee's right "to hold unto the Assignment absolutely" and otherwise contains grammatical and other errors that seem to imply it was never reviewed or intended as a legally binding agreement.

"(iv.) The purported "Assignment" between two China-based parties, in China, about a Chinese Mark, that sells products from China was made inconsistent with the Civil Code of the People's Republic of China adopted as of 2020, See CIVIL CODE OF THE PEOPLE'S REPUBLIC OF CHINA, Chapter XX (Technology Contracts), Arts. 862, et seq. (3d Session of 13th Nat'l People's Cong. May 28, 2020), available online from the National People's Congress of the People's Republic of China at http://en.npc.gov.cn.cdurl.cn/pdf/civilcodeofthepeo plesrepublicofchina.pdf (last checked June 15, 2025)."

"45. Most importantly, and regardless of the paperwork, the Assignment was never signed by the Plaintiff, is not authentic, was known by the Defendants to not be authentic, and was filed as part of an attempt to hijack the Plaintiff's Mark and to willfully infringe it for financial gain."

Complaint, ¶¶ 42-45

As a consequence of the fraudulent assignment and the infringement that occurred under that rubric, the Plaintiff has suffered *concrete harm*. The claim in this case does not seek recompensation for an abstract injury or a statutory right, *Contrast Allison v. ChexSystems Collection Agency, Inc.*, Case No. 23-cv- 1132, 2023 U.S. Dist. LEXIS 76169, at *3 (N.D. Ill. May 2, 2023)(Plaintiff lacked standing because they failed to identify concrete injury).

To state the obvious: for purposes of this Motion to Dismiss it is not enough for the Moving Defendants to merely provide an alternate narrative under which they – the Moving Defendants – were in the right, the assignment was legitimate, and the Plaintiff has no rights at

issue. And we would note that the sole factual basis of the Moving Defendants' argument is the public record that the Plaintiff itself cited extensively and incorporated as an Exhibit in the Complaint.

To the extent that the Moving Defendants have any potential defense, the place to put that forward is during Discovery and in the Motions for Summary Judgment. It is not an issue that would lead this Court to ignore or make a factual determination on the well-plead allegations in the Complaint that do more than enough to establish standing.

For these reasons the Motion to Dismiss, to the extent it is based on any alleged lack of Standing on the part of the Plaintiff, should be denied entirely.

### III. The Complaint Plausibly Alleges A Fraudulent Assignment

The Moving Defendants wrongly suggest that since the factual predicate of the Lanham Act claim includes a discussion of the Moving Defendants' fraudulent filing, the Rule 9(b) pleading standard applies.

First – Rule 9 does not apply.

The Plaintiff has not brought a cause of action for Fraud on the Copyright Office. Courts in the Northern District have confirmed that causes of action for Fraud on the Copyright Office are subject to the heightened, Rule 9 pleading standards, *See, e.g.*, *O.T. Pickell Builders, Inc. v. Witowski*, Case No. 96-cv- 4233, 1998 U.S. Dist. LEXIS 14936, at *5 (N.D. Ill. Sept. 16, 1998) (Manning, *J.*); *Heard v. Trax Records, Inc.*, Case No. 20-cv-03678, 2021 U.S. Dist. LEXIS 135849, at *10 (N.D. Ill. July 21, 2021)(Coleman, *J.*).

That is not the claim here and therefore Rule 9 simply doesn't apply.

Second – the Complaint *does* allege the "'who, what, when, where, and how' of the fraud'" *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011) *citing Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441-42 (7th Cir. 2011). But of course, "[t]he degree of particularity required will necessarily vary depending on the circumstances . . . ." *Reid v. Wolf (In re Wolf)*, Case No. 18-cv-07952 and consolidated cases, 2022 U.S. Dist. LEXIS 178801, *48, 644 B.R. 725, 753 (N.D. Ill. Sept. 30, 2022)(Tharp, *J.*)(emendment in original) *quoting Gandhi v. Sitara Cap. Mgmt., LLC*, 721 F.3d 865, 870 (7th Cir. 2013).

In this case, the Complaint plausibly alleges the **who:** Attorney Deng, Jia Shangyang and their affiliated entities, Complaint at ¶ 42.

The Complaint plausibly alleges the **What**: They submitted a fraudulent "Assignment" that was not signed by the Plaintiff and apparently not signed by any Defendant (other than the attorney), Complaint Passim and Exhibit E.

The Complaint plausibly alleges the **When:** The Complaint alleges that the fraudulent Assignment was submitted on November 13, 2024, Complaint at ¶ 42.

The Complaint plausibly alleges the **Where:** The Compaint alleges that the fraudulent Assignment was submitted to the USPTO.

The Complaint plausibly alleges the **How:** The Complaint alleges that the Assignment appears to be copied or manipulated from the Assignment submitted in the file of Kaiagerbe Natural Gene (USPTO Registration No. 7258344). The basis for this allegation is that the Kaiagerbe assignment was filed by the same Counsel. Also, the text of the allegedly fraudulent assignment *erroneously* identifies the same Assignee as the Kaiagerbe assignment.

In short, the Complaint is not a vague reference to "fraud", but specific identifies the who, what, when, where and how that more than meets the requirements of Rule 9.

For that reason the Motion to Dismiss should be denied because the Complaint does not need to meet the requirements of Rule 9 (because it does not allege a cause of action for Fraud) and because even if does need to meet those requirements, it has.

**IV.    The Defendants are not Duplicative**

The Complaint plausibly alleges that Kangzhiyuan set up a sole proprietorship in the United States named as Qzeuoucu Store under which it conducts business.  The full ownership of those two separate entities (the Chinese corporation and the United States proprietorship) is unknown to the Plaintiff at this time and is an issue for resolution in Discovery.  To the extent that later in this litigation it may be determined that Qzeuoucu Store is a bona fide alter ego and/or assumed name (proven by filings with the appropriate government entities of "Qzeuoucu Store" as an assumed name for operation in Illinois or some other state) the Parties can move to conform the caption to the facts developed during Discovery.

But the time for that Motion should be after discovery.  It should not be a way for Qzeuoucu Store to weasel out of liability that may be in fact be distinct than that of Kangzhiyuan.  Notably, Kangzhiyuan (the supposed alter ego of Qzeuoucu) has *not* joined this Motion.

For these reasons the Motion to Dismiss should be denied because the case can continue separately against Qzeuoucu Store unless and until its identified as a proper assumed name of another party, and in that case it would be clarified in the caption that it is an alternate name and not a separate party.

## V.     The Complaint Alleges Jia Shangyang's Personal Liability

The Complaint plausibly alleges that Jia Shangyang's personal liability.  They are described as facilitating the infringement at issue, facilitating the fraudulent submission to the USPTO and otherwise the responsible party for the infringement at issue in this case.

The Complaint also plausibly alleges the Defendants' co-liability (See Complaint at ¶¶ 25-28) which at this early stage should not be dismissed until Discovery can be completed into Shangyang's role in this case.

For these reasons the Motion to Dismiss should be denied because Shangyang is named personally for their personal actions in further of the infringement, and because the Complaint plausibly alleges co-liability and veil-piercing theories of liability.

**F.      Conclusion**

For these reasons, we respectfully submit that this Honorable Court should deny the Motion to Dismiss.  Additionally and in the alternative, were the Honorable Court to find that some allegation or basis for the claims require further explanation, the Court should grant the Plaintiff leave to Amend (this would be the first amendment of the Complaint).

DATED:      October 8, 2025

RESPECTFULLY SUBMITTED,

By:

Baruch S. Gottesman, Esq.
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
Phone: (212) 401-6910
bg@gottesmanlegal.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2025, simultaneous with the filing of this Submission, a copy of this submission was served on the Docket using the CM/ECF system, which will send a copy of the filings to all Counsel of Record.

RESPECTFULLY SUBMITTED,

By: _____

Baruch S. Gottesman, Esq.