**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| QUIJU CHEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 25 CV 6611 |
| | ) | |
| JOHN DOES 1-10, JIA SHANGYANG, | ) | Judge John J. Tharp, Jr. |
| WEILI DENG, KANZHIYUAN, | ) | |
| QZEUOUCU STORE, | ) | |
| | ) | |
| Defendants. | | |

## CORRECTED OMNIBUS ORDER ON PENDING MOTIONS

For the reasons set forth in the Statement below, the Court rules as follows: Defendant's Kangzhiyuan's Motion to Dismiss [ECF No. 39] is DENIED; Defendant Kangzhiyuan's Motion to Dissolve Preliminary Injunction [ECF No. 41] is DENIED; Plaintiff Quiju Chen's Motion for Entry of Default Judgment and Default Judgment [ECF No. 43] is DENIED as to Defendants Jia Shangyang and Qzeuoucu Store and is GRANTED as to Defendant Weili Deng; Defendants Jia Shangyang and Qzeuoucu Store's Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim [ECF No. 54] is DENIED; Defendant's Motion for Sanctions Under Rule 11 [ECF No. 58] is DENIED; Plaintiff's Motion to Strike Text Entry [ECF No. 67] is DENIED as to Entry 57 and GRANTED as to Entry 63.

## STATEMENT

### I.    BACKGROUND

This action arises under the Lanham Act, 15 U.S.C. §§ 1114, 1116, 1117 and 1125(a). The Lanham Act "established a federal right of action for trademark infringement to protect both consumer confidence in the quality and source of goods and businesses' goodwill in their products." *CAE, Inc. v. Clean Air Eng'g, Inc.*, 267 F.3d 660, 672 (7th Cir. 2001) (citing *Peaches Entm't Corp. v. Entm't Repertoire Assocs., Inc.*, 62 F.3d 690, 692 (5th Cir. 1995)). A trademark is any word, name, symbol, or device, or any combination thereof, used to identify a person's good and to distinguish it from those goods manufactured or sold by others. *Phoenix Ent. Partners v. Rumsey*, 829 F.3d 817 (7th Cir. 2016).

The plaintiff alleges ownership of the federally registered trademark 7278415 for the product "QZEUOUCU" ("the Mark"). *See Compl.* [ECF No. 2] ¶ 7. The plaintiff alleges that the defendants listed on Schedule A have willfully infringed the Mark by advertising and selling counterfeit goods and through online marketplace accounts. *Id.* ¶¶ 1-5. The plaintiff seeks recovery of control over its mark, statutory damages for willful infringement, and injunctive relief. *Id.*

Several motions are presently before the Court. In the interest of judicial efficiency, the Court addresses them collectively in this omnibus order.

### 1. PENDING MOTIONS

1. Defendant Kangzhiyuan's Motion to Dismiss [ECF No. 39]
2. Defendant Kangzhiyuan's Motion to Dissolve Preliminary Injunction [ECF No. 41]
3. Plaintiff Quiju Chen's Motion for Entry of Default Judgment and Default Judgment as to Defendants Jia Shangyang, Qzeuoucu Store, and Weili Deng [ECF No. 43]
4. Defendants Jia Shangyang and Qzeuoucu Store's Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim [ECF No. 54]
5. Defendant Kangzhiyuan's Motion for Sanctions Under Rule 11 [ECF No. 58]
6. Plaintiff Quiju Chen's Motion to Strike Text Entry [ECF No. 67]

### II. DISCUSSION

### 1. Defendant Kangzhiyuan's Motion to Dismiss [ECF No. 39] is DENIED.

The defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) [ECF No. 39] is denied.

The defendant moves to dismiss the Complaint under Rule 12(b)(6), arguing that the plaintiff has failed to state a claim upon which relief can be granted. *See Def.'s Motion to Dismiss* [ECF No. 39] at 1. A Rule 12(b)(6) motion tests the sufficiency of a plaintiff's claim; it requires the court to assess whether a litigant has "state[d] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bhalerao v. Ill. Dep't of Fin & Prof'l Regulations*, No. 11 C 7558, 2012 WL 5560887, at *2 (N.D. Ill. Nov. 15, 2012) ("A motion to dismiss pursuant to 12(b)(6) tests the sufficiency of the complaint, not the merits of the case."). At this early stage of the proceedings, the Court must accept as true well-pleaded facts and draw reasonable inferences in favor of the plaintiff. See *Ezekial v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995).

The defendant argues that the plaintiff's complaint should be dismissed because it alleges trademark infringement but provides no specific facts: "no identification of the infringing acts, products, or how Defendant's conduct violates the Lanham Act." *Def.'s Motion to Dismiss* [ECF No. 39] at 1. The defendant states that the complaint "merely recites elements without pleading plausible grounds for relief." *Id.* According to the defendant, the complaint's lack of specificity fails to give the defendant sufficient notice to respond in violation of Rule 8(a), and thus constitutes the type of "threadbare recital[]" that warrants dismissal under Rule 12(b)(6). *Id.* (citing *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

The Court disagrees with the arguments in the defendant's motion to dismiss as to the factual inadequacies of the complaint. The Court finds that the plaintiff's complaint provides adequate notice to the defendant under Rule 8(a) and has stated a plausible claim to relief under Rule 12(b)(6).

To state a claim under the Lanham Act, a plaintiff must allege 1) ownership of a legally protectable mark or valid enforceable rights in the mark, 2) use by the defendant of the mark "in commerce" without the plaintiff's authorization; and 3) a likelihood of confusion among consumers as to the source, affiliation, or sponsorship of goods or services. *See, e.g.*, *Packman v. Chicago Tribune Co.,* 267 F.3d 628, 638 & n.8 (7th Cir. 2001); *Rumsey,* 829 F.3d at 822; *CAE, Inc.*, 267 F.3d at 673-74. The plaintiff's complaint plausibly alleges each of these elements of a claim under the Lanham Act.

First, the plaintiff asserts ownership of a legally protectable mark or valid enforcement rights in the mark. *See Compl.* [ECF No. 2] ¶ 3.The complaint states that "plaintiff Quiju Chen is, was, and remains the sole owner of USPTO Registered Trademark Number 7278415 for "QZEUOUCU"." *Id.* ¶ 7. It also alleges that the defendant "unlawfully squatted on the Plaintiff's Mark," by submitting an "unauthorized and fraudulent assignment" to the United States Patent and Trademark Office ("USPTO") from the plaintiff to the defendants. *Id.* ¶ 3.

Second, plaintiff alleges that the defendant used the plaintiff's mark in commerce without the plaintiff's authorization. The plaintiff claims that the defendant has "financially benefitted through the exploitation of the Plaintiff's Mark by selling on Amazon and other Illinois-directed online sales portals." *Id.* ¶ 3.

Third, the plaintiff has asserted that the defendant's unauthorized use of the Mark is likely to cause consumer confusion. The complaint states that the plaintiff's Mark has been "widely advertised and distributed throughout the United States," and "are different and of inferior quality to the Plaintiff's authentic product," and as such, are "likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of their Infringing Goods and Services." *Id.* ¶ 61-62.

These allegations, accepted as true, state a plausible claim for relief under the Lanham Act. Accordingly, the motion to dismiss [ECF No. 39] is DENIED.

## 2. Defendant Kangzhiyuan's Motion to Dissolve Preliminary Injunction [ECF No. 41] is DENIED.

The defendant's motion to dissolve preliminary injunction [ECF No. 41] under Federal Rules of Civil Procedure 65 is denied.

### a) *Legal Standard*

A preliminary injunction is "an extraordinary remedy" that is "never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.* 555 U.S. 7, 4 (2008); *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (per curiam). To obtain one, a plaintiff must first make a threshold showing that 1) it has some likelihood of success on the merits, 2) it will suffer irreparable harm without the injunction, and 3) there is no adequate remedy at law. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of the U.S.A.,* 549 F.3d 1079, 1086 (7th Cir. 2008). If those elements are met, the court then balances the harms between the parties and considers whether the public interest favors injunctive relief. *Courthouse News. Serv. v. Brown*, 908 F.3d 1063, 1068 (7th Cir. 2018).

Federal courts' authority to dissolve preliminary injunctions is clearly established. *See, e.g.*, *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 627 (7th Cir. 2007) ("[A]ny injunction issued by a court of equity is itself subject to later modification.") Courts in this District apply the framework articulated in *Centurion Reinsurance Co. v. Singer,* 810 F.2d 140, 143 (7th Cir. 1987). Under that approach, courts are directed to weigh the relative costs of dissolving versus maintaining the injunction—"considering the probability that dissolution would be erroneous because the plaintiff really is entitled to injunctive relief, and the consequences of such an error." *Id.* In other words, under *Centurion,* courts "consider the same factors for dissolving a preliminary injunction as those applied when granting or denying it in the first place." *See, e.g.*, *Hong Kong Yu'en E-Com. Co. Ltd. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships & Unincorporated Associations Identified in Schedule "A" Hereto,* 783 F. Supp. 3d 1104, 1107 (N.D. Ill. 2025) (citing *Antsy Labs, LLC v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A Hereto*, No. 21 C 3289, 2022 WL 17176498, at *1–2 (N.D. Ill. Nov. 23, 2022)); *Bala Bangles, Inc. v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 23-CV-16721, 2025 WL 2776122 (N.D. Ill. Sept. 26, 2025).

Accordingly, applying *Centurion* requires reassessing those same factors to determine whether maintaining the injunction continues to be justified. *Id.* This makes the analysis resemble a re-litigation of the preliminary injunction.[1]

### b) The Burden of Proof

This re-litigation issue has generated some confusion in this District about who bears the burden in a motion to dissolve preliminary injunction. Because *Centurion* calls for re-evaluating the same factors used to grant an injunction, courts must decide whether it is the plaintiff's duty to re-prove entitlement to injunctive relief, or the defendant's duty to negate it. *See, e.g.*, *Jiaxing Zichi Trade Co. v. Yang*, No. 21-CV-973, 2021 WL 4498654 at n. 3 (N.D. Ill. Aug. 19, 2021); *Hong Kong Yu'en E-Com. Co. Ltd.,* 783 F. Supp. 3d at n. 3.

The general rule is the moving party—generally the defendant—bears the burden of demonstrating that continued enforcement of the injunction is inequitable or unnecessary. *See id; see also,* 42 Am. Jur. 2d Injunctions § 291 ("Generally, on a motion to dissolve a preliminary injunction, the movant has the burden of proof, which means that the movant has the burden of negating the facts supporting the issuance of the injunction or proving a change in conditions that justify dissolving the injunction.")

---

[1] To avoid this issue with re-litigation, other courts of appeal have adopted a "changed circumstances" approach, permitting dissolution only when subsequent developments in law or fact render continued enforcement inequitable. *See Sprint Commc'ns Co. L.P. v. CAT Commc'ns Int'l, Inc.*, 335 F.3d 235, 242 (3d Cir. 2003) ("The need for changed circumstances prevents an enjoined party from constantly challenging the imposition of a preliminary injunction and relitigating arguments on motions to dissolve that have already been considered by the district court in its initial decision."). However, "the Seventh Circuit has not endorsed that framework," instead relying on *Centurion. Antsy Labs,* No. 21 C 3289, 2022 WL 17176498 at *2.

Some courts in this District have made an exception to that rule when the preliminary injunction originated as an *ex parte* restraining order, because the injunction was granted "without a hearing or adversarial briefing." *Jiaxing Zichi Trade Co. v. Yang*, No. 21-CV-973, 2021 WL 4498654 at *3 at n. 3 (N.D. Ill. Aug. 19, 2021); *see also Hong Kong Yu'en E-Com. Co. Ltd.,* 783 F. Supp. 3d at n. 3; 42 Am. Jur. 2d Injunctions § 291 ("[W]hen a temporary injunction is issued under circumstances resembling a temporary restraining order, the burden of proof may be on the party seeking the order.")

### c) *Application*

To rule on this defendant's motion to dissolve the preliminary injunction, the Court must first decide 1) who bears the burden and 2) whether that party has met its burden under *Centurion* by showing that the cost of maintaining the injunction outweighs the cost of dissolving it, or visa versa.

In this case, the preliminary injunction in question originated as a temporary restraining order [ECF No. 22]. This temporary restraining order was converted into a preliminary injunction after the defendants were served and afforded an opportunity to respond [ECF No. 28]. The defendants chose not to do so, and the preliminary injunction order was entered [ECF No. 31]. Because the injunction was entered on notice, this Court finds that the exception does not apply. The Court applies the ordinary rule and places the burden on the defendants—as the moving parties—to show that dissolution is warranted.

With the correct burden of proof having been established, the court now proceeds to the merits analysis under *Centurion.*

First, the defendants argue that the plaintiff is unlikely to succeed on the merits because she is not the rightful owner of the Mark. *See Def.'s Mot. to Dissolve Prelim. Inj.* [ECF No. 41] at 4. But plaintiff has alleged ownership in the complaint sufficient to support a likelihood of success, and the defendants have offered no evidence to conclusively negate that showing—only their own competing claim of ownership. *Id.* That factual dispute must await resolution through further litigation, not through dissolution of the injunction. The defendant has thus failed to negate the plaintiff's likelihood of success on the merits.

Second, Defendants assert that the plaintiff cannot demonstrate irreparable harm, asserting that "the allegation of irreparable harm is false" and alleging that the plaintiff filed a "fraudulent claim[]". *Id.* They provide no further evidence to substantiate that claim, nor do they identify any specific hardship or inequity arising from the continued enforcement of the injunction. *Id.* The defendant has thus failed to negate the plaintiff's claim of irreparable harm.

Under *Centurion,* the Court must weigh the relative costs of dissolving versus maintaining the injunction. Here, the expected cost of erroneously dissolving the inunction—given the continuing risk of irreparable harm to the plaintiff and the unresolved dispute over ownership of the Mark—plainly outweighs any demonstrated cost of maintaining it. 810 F.2d at 143.

Because the defendants have not met their burden to show that dissolution is warranted, their Motion to Dissolve the Preliminary Injunction [ECF No. 41] is DENIED.

**3.** **Plaintiff Quiju Chen's Motion for Entry of Default Judgment and Default Judgment as to Defendants Jia Shangyang, Qzeuoucu Store, and Weili Deng [ECF No. 43] is GRANTED IN PART and DENIED IN PART.**

The plaintiff seeks entry of default judgment and default judgment against certain defendants who were properly served and failed to respond. The record shows that Defendant Weili Deng was served pursuant to the Court's prior order and has not responded. Default judgment is therefore GRANTED as to Defendant Weili Deng. Default judgment is DENIED as to Defendants Jia Shangyang and Qzeuoucu Store, who have properly responded [ECF No. 52].

**4.** **Motion to Dismiss by Defendants Jia Shangyang and Qzeuoucu Store [ECF No. 54] is DENIED.**

The defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) [ECF No. 39] is denied.

Defendants Jia Shangyang and Qzeuoucu Store move to dismiss the amended complaint under Rules 12(b)(1) and 12(b)(6), arguing that the plaintiff lacks standing to assert ownership of the mark and, in any event, has failed to state a claim upon which relief can be granted. *See Defs.' Mot to Dismiss* [ECF No. 54]. This Court will evaluate each claim in turn.

### a) *Rule 12(b)(1): Subject Matter Jurisdiction*

Federal courts are courts of limited jurisdiction and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a complaint for lack of subject-matter jurisdiction. The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing that jurisdiction exists. *See Apex Digital, Inc. v. Sears, Roebuck & Co.,* 572 F.3d 440, 443 (7th Cir. 2009). Where jurisdictional facts are challenged, the plaintiff must "support[] its allegations by competent proof" rather than mere conclusory assertions. *NLFC, Inc. v. Devcom Mid-Am., Inc.,* 45 F.3d 231, 337 (7th Cir. 1995).

Rule 12(b)(1) challenges come in two varieties. A facial challenge tests the sufficiency of the complaint's allegations and is evaluated under the same standard as a Rule 12(b)(6) motion, assuming the truth of the well-pleaded allegations. *See Apex Digital, Inc.,* 572 F.3d at 443. A factual challenge, by contrast, disputes the actual existence of jurisdictional facts, in which case "'[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Id.* at 444 (quoting *Ezekial,* 66 F.3d at 897).

Article III standing is a component of subject-matter jurisdiction. *Scanlan v. Eisenberg,* 669 F.3d 838, 841 (7th Cir. 2012). To establish standing, a plaintiff must demonstrate 1) an injury in fact that is concrete, particularized, and actual or imminent, 2) a causal connection between the injury and the defendant's conduct, and 3) redressability by a favorable decision. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992). If a plaintiff fails to meet these requirements, dismissal under Rule 12(b)(1) is proper because the court lacks subject-matter jurisdiction to adjudicate the claim. *Scanlan,* 669 F.3d at 841 (7th Cir. 2012).

In a Lanham Act case, a plaintiff's standing and the court's jurisdiction depend on whether the plaintiff has a legally protected interest in the mark. *Specht v. Google Inc.*, 747 F.3d 929, 933 (7th Cir. 2014) ("The Lanham Act grants standing to trademark registrants, defining that term to include registrants and their 'legal representatives, predecessors, successors, and assigns.'") Where a defendant challenges that ownership or enforceable interest, the plaintiff bears the burden to come forward with evidence establishing that it is the rightful owner or exclusive licensee of the mark. *Id.*

The defendants move to dismiss under Rule 12(b)(1), asserting that the plaintiff lacks standing because it is not the rightful owner of the disputed mark and therefore has no legally cognizable interest under the Lanham Act. *See Defs.' Mot to Dismiss* [ECF No. 54]. Because defendants raise a factual challenge to jurisdiction, the Court may consider evidence beyond the pleadings. *Apex Digital,* 572 F.3d at 444.

The plaintiff, however, has submitted sufficient evidence to establish, at this stage, ownership and control of the mark. *See* Ex. 1 to *Compl.* [ECF No. 2]. The registration certificates identify the plaintiff as the registrant. *Id*. Those materials are adequate to demonstrate a legally protected interest. Accordingly, the defendants have not carried their burden to show that the Court lacks subject matter jurisdiction, and their Rule 12(b)(1) motion is DENIED.

### b) *Rule 12(b)(6): Failure to State a Claim*

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Iqbal,* 556 US. at 678 (quoting *Bell Atl. Corp v. Twombly,* 550 U.S. 544, 570 (2007)). A claim is plausible when the factual content allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678. While the Court accepts all well-pleaded factual allegations as true and draws all reasonable inference in the plaintiff's favor, it need not accept legal conclusions or "threadbare recitals of the elements of a cause of action." *Id.* at 678-79.

To state a claim under the Lanham Act, a plaintiff must allege 1) ownership of a legally protectable mark or valid enforceable rights in the mark, 2) use by the defendant of the mark "in commerce" without the plaintiff's authorization; and 3) a likelihood of confusion among consumers as to the source, affiliation, or sponsorship of goods or services. *See, e.g.*, *Packman,* 267 F.3d at 638 & n.8; *Rumsey,* 829 F.3d at 822; *CAE, Inc.,* 267 F.3d at 673-74.

Defendants move to dismiss under Rule 12(b)(6), arguing that plaintiff fails to state a plausible claim because 1) there is no plausible allegation of fraudulent assignment or trademark squatting, 2) the claims against Qzeuoucu Store are duplicative, and 3) there is no basis to hold Jia Shangyang personally liable.

#### (1)    Allegations of Fraudulent Assignment

Defendants argue that the Complaint fails to allege a plausible claim of fraudulent assignment. *See Defs.' Mot to Dismiss* [ECF No. 54] at 4. But at the pleading stage, the plaintiff need not prove fraud; she must allege facts that, if true, make the claim plausible. *Twombly,* 550 U.S. at 570. The Complaint alleges that the defendants knowingly sought registration of the plaintiff's Mark despite her prior use and ownership. *See Compl.* [ECF No. 2]. Accepting these

allegations as true, the plaintiff has adequately alleged that the defendant used the mark without authorization.

(2)   Duplicative Claims Against Qzeuoucu Store

Defendants next contend that the claims against the Qzeuoucu Store are duplicative because they mirror those against Defendant Kangzhiyuan. *See Compl.* [ECF No. 2] ¶ 7. Whether the entities are in fact the same or jointly operated is a factual issue not suitable for resolution on a motion to dismiss. Plaintiff alleges that both defendants used the mark in commerce and jointly profited from the alleged infringement. Those allegations are sufficient at this stage.

(3)   Personal Liability of Defendant Jia Shangyang

Finally, Defendants argue that there is no basis to hold Defendant Jia Shangyang personally liable because the Complaint pleads no facts to pierce the corporate veil. *See Defs.' Mot to Dismiss* [ECF No. 54] at 4. The Complaint alleges that Jia Shangyang personally participated in acts of infringement. *See Compl.* [ECF No. 2]. Whether Jia Shangyang participated in an individual or corporate capacity is not a matter suitable for resolution on a motion to dismiss. Those allegations, accepted as true, suffice to state a claim for individual liability. Because the plaintiff has sufficient factual content to state plausible claims under the Lanham Act, the Defendant's Motion to Dismiss [ECF No. 54] is DENIED.

**5.    Defendant Kangzhiyuan's Motion for Sanctions Under Rule 11 [ECF No. 58] is DENIED.**

The defendant moves for sanctions under Federal Rule of Civil Procedure 11, arguing that the plaintiff filed the amended complaint for an improper purpose in violation of Rule 11(b)(1) and that its factual contentions lack evidentiary support in violation of Rule 11(b)(3).

Rule 11 is "aimed at curbing abuses of the judicial system" and is intended to "deter baseless filings in the district court." *Jimenez v. Madison Area Tech. Coll.*, 321 F.3d 652, 656 (7th Cir. 2003) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)). Rule 11 requires that every filing with the Court be 1) warranted by existing law or a non-frivolous argument for changing the law, 2) supported by evidentiary facts or likely to have such support after discovery, and 3) not presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs. *Fed. R. Civ. P. 11(b); Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.,* 498 U.S 533, 542 (1991).

Here, the defendant argues that the plaintiff's amended complaint was filed in bad faith and lacks factual foundation. But the Court has considered and denied the defendants' motions to dismiss [ECF Nos. 39 and 54], concluding that the complaint plausibly alleges ownership of the mark and states a viable claim for relief. That ruling confirms that the plaintiff's pleading is not frivolous and that its factual contentions are not devoid of evidentiary basis.

Nor does the record support a finding that the complaint was filed for an improper purpose such as harassment or delay. The litigation reflects a genuine trademark dispute, not bad-faith litigation conduct. Accordingly, the defendant's motion for sanctions is DENIED.

8

**6.** **Plaintiff Quiju Chen's Motion to Strike Text Entry [ECF No. 67] is DENIED IN PART and GRANTED IN PART.**

The Court denies the plaintiff's request to strike ECF No. 57 and instead use the version at ECF No. 61. The plaintiff failed to respond by the 10/2/2025 deadline set by the Court to explain its duplicative filing and did not file this motion to strike until 10/9/2025. By that time, the Court had already struck ECF 61 and retained ECF 57 [ECF No. 68]. The Court declines to change its previous ruling on this matter for purely cosmetic purposes (noting that the plaintiff himself states that "there are no substantive differences between the two versions."). Thus, the motion to strike ECF No. 57 is DENIED.

The Court grants the plaintiff's request to strike ECF No. 63 on the grounds that all foreign-language exhibits must be accompanied by certified English translations pursuant to Fed. R. Evid. 604. Thus, the motion to strike ECF No. 63 is GRANTED. The plaintiff shall file certified translations within 14 days of this Order.

IT IS SO ORDERED.

Date: October 29, 2025

John J. Tharp, Jr.
United States District Judge