UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHEN QIUUJU,

Plaintiff,

v.

JOHN DOES 1–10,

Defendants.

Case No.: 1:25-cv-06611

District Judge: The Honorable John J. Tharp, Jr.

Magistrate Judge: The Honorable Daniel P. McLaughlin

_____/

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant QZEUOUCU STORE (also referred to as "Defendant"), by and through its undersigned counsel, answers Plaintiff's Complaint [Dkt. No. 1] as follows. Defendant responds solely on its own behalf and not on behalf of any other defendant or John Does. To the extent the Amended Complaint's allegations are directed at other defendants or "Infringing Defendants" collectively, Defendant denies those allegations as they pertain to it. Defendant demands a trial by jury on all issues so triable.

**Responses to Allegations**

1. Comes now Plaintiff QUIJU CHEN by and through Counsel, Baruch S. Gottesman, Esq. of GOTTESMAN LEGAL PLLC, with their Complaint against the Infringing Defendants JIA

SHANGYANG; KANGZHIYUAN; QZEUOUCU STORE; WEILI DENG and JOHN DOES 1-10, and does respectfully allege as follows:

Defendant admits that Plaintiff Quiju Chen has filed this Complaint through counsel Baruch S. Gottesman of Gottesman Legal PLLC against JIA SHANGYANG; KANGZHIYUAN; QZEUOUCU STORE; WEILI DENG and John Does 1-10. Defendant denies that it is an "Infringing Defendant" and denies any remaining allegations in Paragraph 1.

2. Plaintiff seeks to recover control of their Registered Trademark.

Defendant denies the allegations in Paragraph 2 as they pertain to it. No response is required to the extent Paragraph 2 states legal conclusions or Plaintiff's requested relief.

3. The Defendants unlawfully squatted on the Plaintiff's Mark, including through the submission of an unauthorized and fraudulent assignment to the United States Patent and Trademark Office from the Plaintiff to the Defendants, and the Defendants have financially benefited through the exploitation of the Plaintiff's Mark by selling on Amazon and other Illinois-directed online sales portals.

Defendant denies the allegations in Paragraph 3 as they pertain to it, including any implication of squatting, fraudulent assignment, exploitation, or infringement of Plaintiff's Mark.

4. Plaintiff respectfully submits this Complaint to recover control of their Trademark for use on Amazon and to seek damages (including disgorgement of all unlawfully obtained sales and/or statutory damages) for the infringement committed by the Defendants.

No response is required to Paragraph 4 as it states Plaintiff's intentions and requested relief. To the extent a response is required, Defendant denies the allegations in Paragraph 4 as they pertain to it and denies that Plaintiff is entitled to any relief.

5. Plaintiff has made effort has been made to resolve this matter amicably. But the Infringing Defendants' obduracy and willingness to submit fraudulent documentation to a U.S. government agency have left Plaintiff no choice but to seek judicial intervention under seal to enjoin the Infringing Defendants' ongoing violations, to order Infringing Defendants to disgorge their revenue from their pirating of the Mark and/or to otherwise impose statutory damages and fines, punitive damages, and legal fees under Federal and Illinois law.

Defendant denies the allegations in Paragraph 5 as they pertain to it, including any implication of obduracy, fraudulent submissions, violations, or piracy.

**The Parties**

6. Plaintiff QUIJU CHEN (being the English transliteration of her name in Chinese, which is 陈秋菊), is a natural person resident at Guangzhou, in the province of Guangdong, China.

Admitted.

7. Plaintiff QUIJU CHEN is, was, and remains the sole owner of USPTO Registered Trademark Number 7278415 for "QZEUOUCU".

Defendant denies any implication that Plaintiff has valid or enforceable rights against Defendant.

8. Annexed as Exhibit A is a complete, true and accurate copy of the Registration Certificate for QZEUOUCU and is available online from the USPTO at https://tsdr.uspto.gov/documentviewer? caseId=sn97737373&docId=ORC20231231055335.

Defendant admitted that the Mark was registered under Chen's name, however, denied the rest, since the company where Defendant and Chen were shareholders entrusted Chen to registered the Mark under Chen's name for the company, by reimbursing all Chen's expenses in registering the Mark.

9. Where appropriate in this Complaint, QZEUOUCU is called "Mark".

No response is required to Paragraph 9 as it is definitional. To the extent a response is required, Defendant denies any remaining allegations in Paragraph 9.

10. Where appropriate in this Complaint, the Plaintiff is referred to as "CHEN", "Plaintiff" or "Owner".

No response is required to Paragraph 10 as it is definitional. To the extent a response is required, Defendant denies any remaining allegations in Paragraph 10.

**ii. Defendants**

11. Upon information and belief, Defendant JIA SHANGYANG is a natural person resident at Guigang in the province of Guangzi, China.

Admitted.

12. Defendant JIA SHANGYANG falsely claimed to the USPTO that the Plaintiff assigned them the Mark. The Plaintiff did not assign the Mark to Jia Shangyang.

Denied, since the company where Defendant JIA SHANGYANG ("JIA") and Chen were shareholders entrusted Chen to registered the Mark under Chen's name for the company, by reimbursing all Chen's expenses in registering the Mark. The company was sold entirely to JIA.

13. Where appropriate in this Complaint, Jia Shangyang are referred to as "SHANGYANG".

No response is required to Paragraph 13 as it is definitional. To the extent a response is required, Defendant denies any remaining allegations in Paragraph 13.

14. Upon information and belief, Defendant KANGZHIYUAN is the name used in the United States and on Amazon by 广州康之源环保科技有限公司, transliterated in pinyin as GUANGZHOU KANGZHIYUAN HUANBAOKEJI YOUXIANGONGSI, and which translates as Guangzhou Kangzhiyuan Environmental Protection Technology Ltd.

Defendant admits that it is a corporation organized under the laws of China and operates under the name Kangzhiyuan on Amazon.

15. Defendant KANGZHIYUAN operates a store with Amazon under the name "Kangzhiyuan", under seller ID: A20D4UR0K0Y1O2, and whose information page is at https://www.amazon.com/sp?seller=A20D4UR0K0Y1O2, a copy of which is annexed as Exhibit B (as screenshotted on June 15, 2025).

Defendant admits that it operates an Amazon store under the name Kangzhiyuan with seller ID A20D4UR0K0Y1O2.

16. Defendant KANGZHIYUAN uses the Mark through the name of its Amazon store, as "QZEUOUCU Store", available at https://www.amazon.com/stores/page/045C5F92-9F14-48EF-

A22D-AA69BEFCD8CB and includes the Mark in all of its product descriptions, a copy of which is annexed as Exhibit C (as screenshotted on June 15, 2025).

Admitted.

17. Upon information and belief, Defendant KANGZHIYUAN uses the Mark with the permission of, as agent of, as assignee, in joint venture with, and otherwise at the direction of SHANGYANG.

Admitted.

18. Upon information and belief, Defendant KANGZHIYUAN is owned and operated by and/or at the direction of Defendant SHANGYANG, and it is one of the primary vehicles through which SHANGYANG exploits the Plaintiff's Mark.

Defendant denies the allegations in Paragraph 18 as exploiting the Mark. Defendant is the current legal owner of the Mark.

19. Upon information and belief, Defendant QZEUOUCU STORE is a fictitious business name under which Defendants Shangyang and Kangzhiyuan conduct business online on Amazon.

Admitted.

20. Where appropriate in this Complaint, both SHANGYANG and QZEUOUCU STORE are referred to collectively as the "Store" or the "Infringing Store".

No response is required to Paragraph 20 as it is definitional. To the extent a response is required, Defendant denies that it is an "Infringing Store" and denies any remaining allegations in Paragraph 20.

21. Upon information and belief, Defendant WEILI DENG is a natural person resident at Anqing in Anhui, China.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies them.

22. Defendant WEILI DENG submitted the filing of the bogus Assignment described in this Complaint and, upon information and belief, knew it to be bogus and is otherwise liable for the actions of the co-Defendants through the facilitation of trademark infringement.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies them.

23. Where appropriate in this Complaint, they are referred to as "DENG".

No response is required to Paragraph 23 as it is definitional. To the extent a response is required, Defendant denies any remaining allegations in Paragraph 23.

24. JOHN DOES 1-10 are natural persons who are resident in China and/or the United States, that facilitated Shangyang's submission of the bogus Assignment, and who otherwise facilitated the infringement alleged in this Complaint. Their identities are not currently known to the Plaintiff. Upon their identification, the Plaintiff will amend (with leave of Court, as necessary) this Complaint to identify them and their specific role.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 regarding John Does 1-10 and therefore denies them.

iii. Infringing Defendants' Co-Liability and Piercing the Corporate Veil: (Subheading): No response is required to subheadings. To the extent a response is required, Defendant denies any allegations implied therein.

25. Each of the Infringing Defendants face direct liability for their actions and failure to act, as described in this Complaint.

Defendant denies the allegations in Paragraph 25 as they pertain to it, including any implication of liability or infringement.

26. Additionally and/or in the alternative, upon information and belief, at all times relevant to the acts and omissions that gave rise to this Complaint, Infringing Defendants had express authority to act as each other's agents when they infringed the Plaintiff's Mark and engaged in the wrongdoing and all other activities related to the allegations in this Complaint.

Defendant denies the allegations in Paragraph 26 as they pertain to it.

27. Additionally and/or in the alternative, upon information and belief, at all times relevant to the acts and omissions that gave rise to this Complaint, Infringing Defendants were under common control, were affiliates, parent and subsidiary companies, agents, representatives, co-venturers, and otherwise alter-egos of one another.

Defendant denies the allegations in Paragraph 27 as they pertain to it.

28. In addition, Infringing Defendants are in possession of the full information about their relationship with one another and co-liability. Plaintiff therefore respectfully reserves the right to seek leave, to the extent leave is required, to file an Amended Complaint further detailing the Defendants' relationship and co-liability for the tortious activity described in this Complaint.

No response is required to Paragraph 28 as it states Plaintiff's intentions. To the extent a response is required, Defendant denies the allegations regarding co-liability and denies any remaining allegations in Paragraph 28.

Jurisdiction and Venue (Heading): No response is required to headings. To the extent a response is required, Defendant denies any allegations implied therein.

29. This is an action for federal trademark infringement, contributory infringement, and false designation of origin pursuant to 15 U.S.C. §§ 1114, 1116, 1117, and 1125(a) and other relevant provisions of federal trademark law; as well as unfair competition under Illinois common law.

No response is required to Paragraph 29 as it contains legal conclusions and characterizations of the action. To the extent a response is required, Defendant denies the allegations in Paragraph 29 and denies that Plaintiff is entitled to any relief.

30. This Court has subject matter jurisdiction over the dispute pursuant to 15 U.S.C. § 1121; as well as 28 U.S.C. §§ 1331, 1332 and 1338, and other relevant provisions of federal law.

No response is required to Paragraph 30 as it contains legal conclusions regarding jurisdiction. To the extent a response is required, Defendant admits that this Court has subject matter jurisdiction over federal trademark claims under 28 U.S.C. §§ 1331 and 1338 but denies

diversity jurisdiction under 28 U.S.C. § 1332 if alleged, and denies any remaining allegations in Paragraph 30.

31. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the accompanying Illinois law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

No response is required to Paragraph 31 as it contains legal conclusions regarding jurisdiction. To the extent a response is required, Defendant denies the allegations in Paragraph 31.

32. Infringing Defendants are subject to personal jurisdiction in the Northern District of Illinois, because they have actively directed their business activities to this District and have engaged in infringement in this District. This direction of business activity includes but is not limited to the advertisement, offering for sale, and actual sale of infringing products to consumers in Illinois and in the Northern District of Illinois.

No response is required to Paragraph 32 as it contains legal conclusions regarding personal jurisdiction. To the extent a response is required, Defendant denies that it has engaged in infringement and denies any remaining allegations in Paragraph 32 as they pertain to it.

33. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendants reside and are causing harm within this district. Defendants have also transacted business in this District at

issue in this Complaint, including but not limited to the advertisement, offering for sale, and selling infringing products to consumers in Illinois and in the Northern District of Illinois.

No response is required to Paragraph 33 as it contains legal conclusions regarding venue. To the extent a response is required, Defendant denies that it has caused harm or sold infringing products and denies any remaining allegations in Paragraph 33 as they pertain to it.

34. The plaintiff's agents have engaged in a test purchase for delivery in Illinois, under which there was an order for and delivery to an address in Illinois.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 regarding Plaintiff's test purchase and therefore denies them. Defendant denies any implication of infringement.

Factual Background (Heading): No response is required to headings. To the extent a response is required, Defendant denies any allegations implied therein.

i. Plaintiff's Trademark Registration and Use of the Mark (Subheading): No response is required to subheadings. To the extent a response is required, Defendant denies any allegations implied therein.

35. On January 16, 2024, the USPTO issued Trademark Registration No. 7,278,415 to the Plaintiff in the field of: "CLASS 9: Electronic advertisement boards featuring a neon lamp; Neon signs; Ring lights for use in photography" See Exhibit A.

Defendant admitted nominally the Mark was issued to Chen, however, since the Company where Defendant JIA and Chen were shareholders entrusted Chen to registered the Mark under Chen's name for the company, by reimbursing all Chen's expenses in registering the Mark, the ownership of Mark belong to the Company. The company was later sold entirely to JIA. Defendant denied the rest.

36. A complete, true and accurate copy of the Registration Certificate is annexed as Exhibit A and shown below: Illustration 1 – First Page of Registration Certificate No. 7,278,415

Defendant admitted nominally the Mark was issued to Chen, however, since the Company where Defendant JIA and Chen were shareholders entrusted Chen to registered the Mark under Chen's name for the company, by reimbursing all Chen's expenses in registering the Mark, the ownership of Mark belong to the Company. The company was later sold entirely to JIA. Defendant denied the rest.

37. Plaintiff has used and intends to use their Mark in Illinois and elsewhere in the United States since 2022.

Defendant admitted nominally the Mark was issued to Chen, however, since the Company where Defendant JIA and Chen were shareholders entrusted Chen to registered the Mark under Chen's name for the company, by reimbursing all Chen's expenses in registering the Mark, the ownership of Mark belong to the Company. The company was later sold entirely to JIA. Defendant denied the rest.

38. Annexed as Exhibit D is a complete, true and accurate copy of the Plaintiff's original Trademark Electronic Application System, showing use of the Mark on products and online sales in the United States.

Defendant admitted nominally the Mark was issued to Chen, however, since the Company where Defendant JIA and Chen were shareholders entrusted Chen to registered the Mark under Chen's name for the company, by reimbursing all Chen's expenses in registering the Mark, the ownership of Mark belong to the Company. The company was later sold entirely to JIA. Defendant denied the rest.

39. For example, here is a picture of the Plaintiff's branded products, as submitted to the USPTO: Documentary Evidence submitted in support of TEASD Application available online at https://tsdrsec.uspto.gov/ts/cd/casedoc/sn97737373/FTK20230103094925/4/webcontent

Defendant admitted nominally the Mark was issued to Chen, however, since the Company where Defendant JIA and Chen were shareholders entrusted Chen to registered the Mark under

Chen's name for the company, by reimbursing all Chen's expenses in registering the Mark, the ownership of Mark belong to the Company. The company was later sold entirely to JIA. Defendant denied the rest.

40. The Registration issued on January 16, 2024 as shown above in Paragraph 36.

Defendant admitted nominally the Mark was issued to Chen, however, since the Company where Defendant JIA and Chen were shareholders entrusted Chen to registered the Mark under Chen's name for the company, by reimbursing all Chen's expenses in registering the Mark, the ownership of Mark belong to the Company. The company was later sold entirely to JIA. Defendant denied the rest.

41. At no time did the Plaintiff assign, authorize or otherwise allow the use of the Mark by any other Party, and certainly not any of the Defendants.

Defendant admitted nominally the Mark was issued to Chen, however, since the Company where Defendant JIA and Chen were shareholders entrusted Chen to registered the Mark under Chen's name for the company, by reimbursing all Chen's expenses in registering the Mark, the ownership of Mark belong to the Company. The company was later sold entirely to JIA. Defendant denied the rest.

ii. Defendant Shangyang Dockets a Bogus "Assignment" (Subheading): No response is required to subheadings. To the extent a response is required, Defendant denies any allegations implied therein.

42. On or about November 13, 2024, Defendant Deng submitted to the USPTO what they purported to be an Assignment of Trademark from the Plaintiff Defendant Shangyang. In this Complaint, we refer to this bogus document as the "Assignment", sometimes in scare-quotes to avoid any implication that the purported Assignment has any legal meaning or effect.

Defendant admitted nominally the Mark was issued to Chen, however, since the Company where Defendant JIA and Chen were shareholders entrusted Chen to registered the Mark under Chen's name for the company, by reimbursing all Chen's expenses in registering the Mark, the ownership of Mark belong to the Company. The company was later sold entirely to JIA. Defendant denied the rest.

43. A complete true and accurate copy of the purported assignment is annexed as Exhibit E and incorporated in full by reference in this Complaint. The Exhibit has been redacted of a purported Passport number.

Defendant admitted nominally the Mark was issued to Chen, however, since the Company where Defendant JIA and Chen were shareholders entrusted Chen to registered the Mark under Chen's name for the company, by reimbursing all Chen's expenses in registering the Mark, the

ownership of Mark belong to the Company. The company was later sold entirely to JIA. Defendant denied the rest.

44. The Assignment was bogus on its face. (i.) In the preamble, the Assignment purports to identify the Assignee as "Jia, Shangyang" but in the text of the Assignment identifies the Assignee as "Li Peng". (ii.) The reference to Li Peng as the Assignee is, upon information and belief, because the supposed "Assignment" is a knock-off and/or manipulated version of a completely separate Assignment of "Kaiagerbe Natural Gene" (USPTO Registration No. 7258344). The Kairgerbe Assignment was also purportedly submitted by Weili Deng. And at least the Kairgerbe Assignment has the benefit of identifying Peng Li as the correct Assignee. A copy of the Kairgerbe Assignment, with the purported Passport No. redacted, is annexed as Exhibit F. (iii.) The Agreement uses incorrect language, referring at one point to the Assignee's right "to hold unto the Assignment absolutely" and otherwise contains grammatical and other errors that seem to imply it was never reviewed or intended as a legally binding agreement. (iv.) The purported "Assignment" between two China-based parties, in China, about a Chinese Mark, that sells products from China was made inconsistent with the Civil Code of the People's Republic of China adopted as of 2020, See CIVIL CODE OF THE PEOPLE'S REPUBLIC OF CHINA, Chapter XX (Technology Contracts), Arts. 862, et seq. (3d Session of 13th Nat'l People's Cong. May 28, 2020), available online from the National People's Congress of the People's Republic of China at http://en.npc.gov.cn.cdurl.cn/pdf/ civilcodeofthepeoplesrepublicofchina.pdf (last checked June 15, 2025).

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and therefore denies them. Defendant denies any implication of fraud or bogus nature as to any assignment. Defendant admitted nominally the Mark was issued to Chen, however, since the Company where Defendant JIA and Chen were shareholders entrusted Chen to registered the Mark under Chen's name for the company, by reimbursing all Chen's expenses in registering the Mark, the ownership of Mark belong to the Company. The company was later sold entirely to JIA. Defendant denied the rest.

45. Most importantly, and regardless of the paperwork, the Assignment was never signed by the Plaintiff, is not authentic, was known by the Defendants to not be authentic, and was filed as part of an attempt to hijack the Plaintiff's Mark and to willfully infringe it for financial gain.

Defendant denies the allegations in Paragraph 45 as they pertain to it. Defendant admitted nominally the Mark was issued to Chen, however, since the Company where Defendant JIA and Chen were shareholders entrusted Chen to registered the Mark under Chen's name for the company, by reimbursing all Chen's expenses in registering the Mark, the ownership of Mark belong to the Company. The company was later sold entirely to JIA. Defendant denied the rest.

46. Earlier this year, the Plaintiff filed a correction to the USPTO record clarifying that the bogus "Assignment" was inauthentic, which the Defendants have not challenged.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and therefore denies them. Defendant admitted nominally the Mark was issued to Chen, however, since the Company   where Defendant JIA and Chen were shareholders entrusted Chen to registered the Mark under Chen's name for the company, by reimbursing all Chen's expenses in registering the Mark, the ownership of Mark belong to the Company. The company was later sold entirely to JIA. Defendant denied the rest.


47. A copy of the correction is annexed as Exhibit G, including a declaration under oath by the Plaintiff (redacted of purported passport information).


Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 regarding Exhibit G and therefore denies them. Defendant admitted nominally the Mark was issued to Chen, however, since the Company where Defendant JIA and Chen were shareholders entrusted Chen to registered the Mark under Chen's name for the company, by reimbursing all Chen's expenses in registering the Mark, the ownership of Mark belong to the Company. The company was later sold entirely to JIA. Defendant denied the rest.


48. Notwithstanding the reclamation of the Mark by the Plaintiff, the Defendants continue to willfully infringe the Plaintiff's Mark for their financial benefit.


Defendant denies the allegations in Paragraph 48 as they pertain to it. Defendant admitted nominally the Mark was issued to Chen, however, since the Company where Defendant JIA and

Chen were shareholders entrusted Chen to registered the Mark under Chen's name for the company, by reimbursing all Chen's expenses in registering the Mark, the ownership of Mark belong to the Company. The company was later sold entirely to JIA. Defendant denied the rest.

**First Cause of Action Lanham Act – Counterfeiting and Infringement**

49. Plaintiff repeats, re-alleges and incorporates by reference all relevant allegations and Exhibits described above in Paragraphs 1 – 48, as if they were fully set forth here.

Defendant incorporates its responses to Paragraphs 1-48 as if fully set forth herein.

50. This is an action for trademark infringement against Defendants based on their willful infringement of the Plaintiff's Mark in connection with the promotion, advertisement, distribution, sale and offering for sale of the Infringing Goods and Services and Services.

No response is required to Paragraph 50 as it contains legal conclusions and characterizations of the action. To the extent a response is required, Defendant denies the allegations in Paragraph 50 and denies any infringement.

51. The Infringing Defendants are promoting and otherwise advertising, selling, offering for sale and distributing to purchasers in Illinois and the United States goods and services that in willful infringement on Plaintiff's Mark.

Defendant denies the allegations in Paragraph 51 as they pertain to it.

52. Infringing Defendants are continuously infringing the Plaintiff's Mark by using "QZEUOUCU" to advertise, promote, and sell goods and services in competition with the Plaintiff (referred to in this Complaint as the "Infringing Goods and Services and Services").

Defendant denies the allegations in Paragraph 52 as they pertain to it.

53. Infringing Defendants' activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of the Infringing Goods and Services.

Defendant denies the allegations in Paragraph 53 as they pertain to it.

54. Infringing Defendants had actual knowledge of the Plaintiff's ownership of the Mark as evidenced by, among other things, their submission of a bogus "Assignment".

Defendant denies the allegations in Paragraph 54 as they pertain to it.

55. Defendants' unlawful actions have individually, and jointly with other Parties, caused and are continuing to cause damages to Plaintiff and are unjustly enriching Defendants at Plaintiff's expense.

Defendant denies the allegations in Paragraph 55 as they pertain to it.

56. The actions described above, including the knowing and willful continued use of the infringing mark constitute counterfeiting and infringement of the Plaintiff's Mark in violation of Plaintiff's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

Defendant denies the allegations in Paragraph 56 as they pertain to it.

57. Plaintiff has suffered and will continue to suffer irreparable injury due to the Defendants' above-described activities if the Defendants are not permanently enjoined from their violations.

Defendant denies the allegations in Paragraph 57.

58. Absent the entry of a temporary and permanent injunction by this Court, Plaintiff will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

Defendant denies the allegations in Paragraph 58.

**Second Cause of Action Lanham Act – False Designation of Origin**

59. The Plaintiff repeats, re-alleges and incorporates by reference all relevant allegations and Exhibits described above in Paragraphs 1 – 58, as if they were fully set forth here.

Defendant incorporates its responses to Paragraphs 1-58 as if fully set forth herein.

60. Infringing Defendants' Infringing Goods and Services offered for sale and sold using Plaintiff's Mark have been widely advertised and distributed throughout the United States.

Defendant denies the allegations in Paragraph 60 as they pertain to it.

61. Infringing Defendants' Counterfeit and Infringing Goods and Services are different and of inferior quality to the Plaintiff's authentic product.

Defendant denies the allegations in Paragraph 61 as they pertain to it.

62. Infringing Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of their Infringing Goods and Services.

Defendant denies the allegations in Paragraph 62 as they pertain to it.

63. Infringing Defendants have used in connection with their sale of the Counterfeit Goods, false designations of origin and false descriptions and representations, including words or other symbols and trade dress which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Plaintiff and in violation of the Lanham Act and other provisions of Federal and Illinois law.

Defendant denies the allegations in Paragraph 63 as they pertain to it.

64. Infringing Defendants engaged in and authorized others to engage in infringing uses of the Plaintiff's Mark, in Infringing Defendants' advertisement, websites, social media and/or other promotion of their Infringing Goods and Services marketed and branded with Plaintiff's Mark.

Defendant denies the allegations in Paragraph 64 as they pertain to it.

65. Infringing Defendants misrepresented to members of the consuming public that the Infringing Goods and Services being advertised and sold by them are genuine, non-Infringing Goods and Services.

Defendant denies the allegations in Paragraph 65 as they pertain to it.

66. Infringing Defendants above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and other relevant provisions of Federal and Illinois law.

Defendant denies the allegations in Paragraph 66 as they pertain to it.

67. Infringing Defendants had actual knowledge of the Plaintiff's ownership of the Mark as evidenced by their bogus Assignment.

Defendant denies the allegations in Paragraph 67 as they pertain to it.

68. Infringing Defendants' unlawful actions have individually, and jointly with other Parties, caused and are continuing to cause unquantifiable damages to Plaintiff and are unjustly enriching Defendants at Plaintiff's expense.

Defendant denies the allegations in Paragraph 68 as they pertain to it.

69. Plaintiff has suffered and will continue to suffer irreparable injury due to Infringing Defendants' above-described activities if they are not permanently enjoined.

Defendant denies the allegations in Paragraph 69.

70. Absent the entry of an injunction by this Court, Plaintiff will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

Defendant denies the allegations in Paragraph 70.

Third Cause of Action Common Law Unfair Competition Under Illinois Law (Heading): No response is required to headings. To the extent a response is required, Defendant denies any allegations implied therein.

71. Plaintiff repeats, re-alleges and incorporates by reference all relevant allegations and Exhibits described above in Paragraphs 1 – 70, as if they were fully set forth here.

Defendant incorporates its responses to Paragraphs 1-70 as if fully set forth herein.

72. This is an action against Defendants based on their promotion, advertisement, distribution, sale and/or offering for sale of Infringing Goods and Services bearing the Plaintiff's Mark.

No response is required to Paragraph 72 as it contains legal conclusions and characterizations of the action. To the extent a response is required, Defendant denies the allegations in Paragraph 72 and denies any infringement.

73. Under Illinois law, "the elements of a state unfair competition claim mirror those of federal statutory trademark infringement", AHP Subsidiary Holding Co. v. Stuart Hale Co., 1 F.3d 611, 619 (7th Cir. 1993).

No response is required to Paragraph 73 as it contains legal conclusions and citations. To the extent a response is required, Defendant denies the allegations in Paragraph 73.

74. All of the elements of federal statutory trademark infringement have been alleged and therefore a claim for unfair competition under Illinois law has been alleged here.

Defendant denies the allegations in Paragraph 74.

Defendant denies each and every allegation in the Amended Complaint not expressly admitted above. Defendant denies that Plaintiff is entitled to any relief sought in the Prayer for Relief, including injunctions, delivery for destruction, recall, judgment on assignment, damages, interest, or other relief.

## Jury Demand

75. Defendant demands a jury trial on all triable issues.

## Affirmative Defenses

### Affirmative Defenses

Without admitting any allegations in the Complaint and without waiving any defenses, the Defendants assert the following affirmative defenses:

### First Affirmative Defense (Lack of Standing/Lack of Subject Matter Jurisdiction)

Plaintiff lacks standing to assert claims under the Lanham Act or Illinois law because, according to current USPTO records, Defendant Jia Shangyang is the registered owner of U.S. Trademark Reg. No. 7,278,415 for the "QZEUOUCU" Mark, following a valid assignment recorded on November 20, 2024. Plaintiff has no ownership interest in the Mark, depriving this Court of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and 28 U.S.C. § 1338. Defendant admitted nominally the Mark was issued to Chen, however, since the Company where Defendant JIA and Chen were shareholders entrusted Chen to registered the Mark under Chen's name for the company, by reimbursing all Chen's expenses in registering the Mark, the ownership of Mark belong to the Company. The company was later sold entirely to JIA. Defendant denied the rest.

### Second Affirmative Defense (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), as Plaintiff's allegations of a "bogus" or fraudulent assignment are conclusory, implausible, and contradicted by USPTO records showing a valid assignment to Defendant Jia Shangyang. The purported assignment is presumptively valid, and Plaintiff has not alleged specific facts demonstrating fraud, such as forgery or lack of intent, sufficient to overcome the Twombly/Iqbal pleading standard.

### Third Affirmative Defense (Valid Ownership and No Infringement)

JIA and Defendant are the lawful owners of the Mark pursuant to a valid and enforceable assignment, as reflected in USPTO records. Any use of the Mark by the Defendant is authorized and non-infringing, as they hold exclusive rights under 15 U.S.C. § 1115. Plaintiff's claims fail because there is no unauthorized use constituting infringement, false designation of origin, or unfair competition.

**Fourth Affirmative Defense (Frivolousness and Lack of Factual Support)**

Plaintiff's claims are frivolous and lack any evidentiary basis, warranting dismissal with prejudice and an award of the Defendants' reasonable attorney's fees and costs under Fed. R. Civ. P. 11 and 15 U.S.C. § 1117(a). The Complaint misrepresents the assignment as "bogus" without plausible factual support, ignores USPTO records confirming Defendant Jia Shangyang's ownership, and was filed without a reasonable pre-suit investigation into the Mark's current status.

**Fifth Affirmative Defense (Laches)**

Plaintiff's claims are barred by laches due to unreasonable delay in challenging the assignment (recorded November 20, 2024) and bringing this action, during which the Defendant relied on the validity of the assignment to their detriment, including continued use and investment in the Mark.

**Sixth Affirmative Defense (Unclean Hands)**

Plaintiff's claims are barred by unclean hands, as Plaintiff has misrepresented facts regarding the assignment's validity, failed to disclose the USPTO's recognition of Defendant Jia Shangyang as owner, and pursued this action in bad faith despite public records contradicting her ownership claims.

**Seventh Affirmative Defense (No Irreparable Harm)**

Plaintiff is not entitled to injunctive relief because she has not suffered and will not suffer irreparable harm, as she is not the current owner of the Mark per USPTO records, and any alleged harm stems from her own delay or inaction.

The Defendant reserves the right to amend or add additional affirmative defenses as discovery proceeds.

Dated: November 04, 2025

Respectfully submitted,
/s/ Jianyin Liu
Jianyin Liu, Esq.
FBN: 1007675
The Law Offices of James Liu PLLC
15750 SW 92nd Ave Unit 20C
Palmetto Bay, FL 33157
jamesliulaw@gmail.com
Ph: (305) 209 6188
Counsel for Defendant

CERTIFICATE OF SERVICE

I CERTIFY that on Nov. 4, 2025, the foregoing was electronically filed via CM/ECF, which will serve it via electronic mail to counsel of record.

/s/ Jianyin Liu